(84 South. 498)

No. 23662.

**MUSEY v. PRATER et al.**

(Jan. 7, 1920. On Rehearing May 3, 1920.)

*(Syllabus by Editorial Staff.)*

Mechanics' liens &⟶118—When statute as to contract and bond not complied with by owner, recording of claim sufficient.

Under Act No. 229 of 1916, § 2, requiring contractors, materialmen, and laborers claiming the privilege therein given to file a statement of the claim with the recorder of mortgages, and Act No. 262 of 1916, § 1, providing for the recording of building contracts for more than $500 and the taking of a bond to secure contractors, materialmen, etc., where the contract was not recorded and the bond was not in favor of materialmen and laborers and was not recorded, the owner was not entitled to the benefits of Act No. 262, and filing claims with the recorder was sufficient without filing them with the owner, as required by Act No. 262.

Provosty, J., dissenting.

Certiorari to Court of Appeal, Parish of Calcasieu.

Suit by James Musey against J. H. Prater and others. A judgment for defendants was reversed by the Court of Appeal and Delatte & Lagrand, Incorporated, and others apply for certiorari or writ of review. Judgment of the Court of Appeal annulled and reversed, and that of the district court affirmed on rehearing.

Robert R. Stone and McCoy & Moss, all of Lake Charles, for applicants.

Cline & Bell, of Lake Charles, for plaintiff.

PROVOSTY, J. In this case the owner of a newly constructed building has deposited in court $746.37, which, he alleges, is the balance due for the construction of the building, and has cited the contractor and the surety on his bond and the furnishers of labor and materials to show cause why said deposit should not be adjudged to be the total balance due, and be paid over to whoever is entitled to it, and he and his building be released from all claims.

Between him and the contractor and the surety on the bond there is no dispute. As against the furnishers of labor and materials his contention is that they, not having served on him a sworn statement of their claims within 45 days, as required by the third paragraph of section 1 of Act 262, p. 536, of 1916, have no rights against either him or his building.

Interpreting an exactly similar statute in

La. Glass & Mirror Works v. Irwin, 126 La. 555, 52 South. 765, this court said:

"There is no privity of contract between the owner and persons who furnish materials to the contractor, and the latter in order to acquire a right of action against the owner must comply * * * with the requirements of the statute."

One of the requirements of the statute being the serving of a sworn statement within the delay named, and the furnisher of labor or materials having to comply strictly with the requirements of the statute in order to acquire a right of action, it follows that for showing that he has acquired a right of action, the furnisher of labor or materials must prove that such service was duly made. No evidence was offered on that point in this case. But the defendants contend that the following allegation of plaintiff's petition being article 5 of the petition, supplies this proof:

"Petitioner further shows that numerous parties have notified him that they have claims against the said J. Hamp Prater for work done and for materials furnished in constructing said building and improvements, aggregating in amount a sum far in excess of the amount remaining in petitioner's hands, and rightfully and lawfully due and payable by petitioner under the hereinabove mentioned contract and bond."

Mention is here made only of a notice. Nothing is said of such notice having been in the form of a sworn statement; and still less that the same, even if in the required form of a sworn statement, was served timely. Moreover, no mention is made of who gave the said notice, or how many claimants did so; so that the allegation does not necessarily refer to the defendants. Besides, a pleading should not be construed so as to be destructive of the very demand its purpose is to make good.

Even, however, if the said paragraph 5 of plaintiff's petition were construed as furnishing evidence of due service having been made of a sworn statement, its effect as evidence would have to be considered as counteracted and nullified by the following averment taken from one of the answers, and which is reproduced in about the same words in all the other answers, except in that of Lake Charles Planing Mill, to wit:

"In answer to articles 4 and 5 of plaintiff's petition, defendant alleges that it does not possess sufficient information to either admit or deny, or to justify a belief as to, the correctness of the allegations thereof, but for the purpose of placing said allegations at issue, and putting plaintiff upon strict proof thereof, it denies all of said allegations."

Here the defendants disclaim having any knowledge of the notice spoken of by plaintiff having been served; and they ask that plaintiff be required to make strict proof of same.

Act 229, p. 494, of the same year, 1916, does not, like said Act 262, require the serving of a sworn statement upon the owner; and the defendants invoke its protection. Reading the two acts together, it is very evident that Act 262 is intended to apply to building contracts of $5,000 and up, and Act 229 to all other building contracts. To hold otherwise would be to convict the Legislature of having adopted at the same session and on the same day two antagonistic acts governing building contracts of $500 and up; one dispensing furnishers of labor and materials from serving a sworn statement upon the owner, and the other requiring such a service to be made. If there were nothing in the acts to preserve them from this antagonism, Act 262, as being special to building contracts of $500 and up, would override Act 229 in their bearing upon contracts involving that amount; the latter act being general in its terms. But in order to prevent this very antagonism between the two acts there was added to the last section of Act 229 this provision:

"This act shall not be construed to repeal or affect the operation of Act 167 of 1912, as

amended by an act adopted at this session of the General Assembly"

—meaning Act 262. The operation of the latter act is to impose upon furnishers of labor and materials the requirement to serve a sworn statement upon the owner within 45 days. This requirement, which is the law controlling the present case, cannot be allowed to be affected by said Act 229.

The bond in this case was not in favor of the laborers and materialmen; hence they had no recourse upon it. In view of this failure of the owner of the building to exact of the contractor a bond of the kind required by said Act 262, the learned counsel of the furnishers of labor and materials argue that he is not entitled to the protection of said Act 262. The answer is very simple. The furnishers of labor and materials have no claim whatever upon or against the owner or his property until they have complied with the requirements of said Act 262 by whose operation solely their right of action against him or his property comes into existence; and until they have thus acquired a claim against him or his property he stands in no need of the protection of said act. His failure to exact a bond does not make him liable irrespective of whether a sworn statement is served within the legal delays, but makes him liable provided such a statement is served. After the 45 days have expired without a sworn statement having been served upon him, he is free to make payment to the contractor. It is the service of the sworn statement within the legal delays of 45 days which arrests the funds in his hands and makes him liable.

The judgment of the Court of Appeal, which restricted to the amount deposited in court the claims of the furnishers of labor and materials, is therefore affirmed, with costs.

On Rehearing.

SOMMERVILLE, J. James Musey, the owner of a building in course of construction, has filed this concursus proceeding under the provisions of Act No. 262, 1916, p. 536. He has cited the contractor, his bondsman, and the several furnishers of materials, who had recorded their statements in the office of the recorder of mortgages of the parish of Calcasieu. He deposited $746.37 in court, and asked that it be distributed among the parties defendant in the proper proportions, and that he and his property be released from all liability to defendants.

Defendants, the furnishers of materials, answered that plaintiff was not entitled to proceed under the provisions of Act 262, or to claim any benefits thereunder, for the reason that he did not record his contract (which was in writing) in the mortgage record office; that he did not require a bond from the contractor in proper form or for the benefit of furnishers of materials, as specified in the act he should have done; and that he did not record the bond in the mortgage records for 53 days, instead of within 30 days after date of contract.

Judgment in the district court was in favor of the materialmen, which was reversed by the Court of Appeal, and the judgment of the latter court is before us for review.

It would appear in this case that the materialmen involved did not offer proof to the effect that they had served attested accounts on the owner, although, the evidence shows that they filed their attested accounts in the office of the recorder of mortgages, under which they claim liens and privileges as operating upon the property of the plaintiff to the extent of their claims, amounting to $1,896.44, which is less than the bond, or less than one-half of the contract price for the building.

The question therefore presented for decision is whether it was necessary for the materialmen to prove the filing of attested accounts on the owner to preserve their liens and privileges.

In a somewhat similar case, La. Glass &

Mirror Works, Ltd., v. Irwin, 126 La. 555, 52 South. 765, in construing the building statute of 1906, No. 134, p. 223, it was held that the materialmen and laborers' who had failed to serve attested accounts on the owner, although they had filed attested accounts in the office of the recorder of mortgages, could not invoke the provisions of the act against the owner who had failed to require a proper bond and to record the contract and bond in the office of the recorder of mortgages within the time specified in the act. That decision was rendered in 1910, and in 1916 the Legislature passed Act No. 229, p. 494, and Act No. 262, p. 536. These two acts are on kindred subjects, and they must be construed together, remembering that Act 229 "shall not be construed to repeal or affect the operation of Act 167 of 1912, as amended by an act adopted at this session of the General Assembly." Act No. 262 (section 11, Act. 229).

Act 229 is entitled:

"An act to provide for the creation, recognition and recordation of the liens and privileges of laborers, contractors, subcontractors, materialmen, mechanics and furnishers of machinery or fixtures, and to enforce the payment of said liens and privileges, and to repeal all laws in conflict herewith"

—while Act 262 like the Act 134, 1906, provides means for the owner to protect himself by requiring a bond from the contractor, and the recording of said contract and bond within a stipulated time. It is entitled an act to amend section 1 of a certain other act, which is entitled:

"An act relative to building contracts in this state; providing for the bond to be given therein, for the protection of the owner; subcontractor; workman; laborer; mechanic and furnishers of materials, for the recordation of the same, and the proceedings to be had thereunder."

Act 262 is limited in its application to contracts exceeding $500 in amount; and it is stipulated they must be in writing, that they must be secured by sufficient bond in one-half of the amount of the contract, made in favor of the owner, contractor, subcontractor, materialmen, laborers, etc.; and the contract must be recorded, together with the bond, in the recorder's office within a fixed time.

The contract in this instance was not recorded by the owner; and the bond was not taken in favor of the materialmen and laborers. And, further, the bond was not recorded within 30 days after the signing of the contract. For the reason that none of these things were done by the owner, we are of the opinion that he cannot claim the benefits of the provisions of Act No. 262, which was adopted for his protection, as well as for the protection of contractors, etc.

Section 1 of Act 262 provides that the furnishers of materials, etc., must file sworn statements of their accounts with the owner, and record such sworn statements in the office of the recorder; and the question now remains whether the materialmen, who failed to prove that they had filed attested accounts with the owner, but who proved that they had filed them in the office of the recorder of mortgages, can take advantage of the failure of the owner to do his duty in the premises and hold his property liable to their liens and privileges for the supplies furnished the building.

It was argued by counsel for the materialmen that it was unnecessary for the materialmen or the furnishers of materials to file sworn statements with the owner; that it was only necessary, in order to obtain and preserve their liens and privileges, to file such sworn statements with the recorder; and this they did; and that Act 229 was passed to meet the defense sustained in the La. Glass & Mirror Works Case, supra.

These two acts, when construed together, would seem to make it unnecessary for the materialmen, laborers, etc., in order to preserve their liens and privileges on the property of the owner, to file sworn statements with the owner. For Act 229, in giving to the

materialmen, laborers, etc., privileges upon building being erected, directs in section 2, "that any person claiming a privilege as aforesaid shall file in the office of the recorder of mortgages of the parish in which the land is situated, a statement setting forth the amount claimed," etc. There is therein contained no requirement that the statement should be furnished to the owner.

We are of the opinion that Act 229 refers to all building contracts, regardless of amount, whether verbal or in writing, where no bond, or a defective bond, is given by the contractor, and the contract and bond are not recorded in the manner provided for in Act 262; and, as none of these things were done by plaintiff in this cause, the materialmen, defendants, have the right to assert their liens and privileges given them under Act 229. If Musey, the owner, had availed himself of the provisions contained in Act 262, and demanded the cancellation of the recorded liens and privileges of the materialmen we would have to consider, under paragraph 3 of section 1 of that act, whether it was necessary for the materialmen to have served attested accounts upon him, the owner, to enable them to have sued upon the bond he had taken. But under our view of the case he was not in a position to avail himself of the provisions of Act 262, and the claims of the materialmen are to be disposed of under the terms of Act 229 which does not require that such claims should be attested and filed with the owner.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal herein be annulled, avoided, and reversed, and that there now be judgment affirming the judgment of the district court. Costs of the Court of Appeal and of this court are to be paid by James Musey, plaintiff.

PROVOSTY, J., dissents.

O'NIELL, J., concurs in the decree.