No. 8592
Orleans Appeal

PANAMA SASH & DOOR CO., Appellant,
v. CHARLES G. DELISLE, ET AL.,
U. S. FIDELITY & GUARANTY CO.

(April 21, 1923, Original Opinion and Decree.)
(June 29, 1925, Opinion and Decree on Rehearing.)
(September 29, 1925, Writ of Certiorari and Review Denied.)

Appeal from Civil District Court, Parish of Orleans, Division "B". Hon. Fred D. King, Judge.

For the reasons assigned, our former opinion and decree is reinstated.

A. D. Danziger, attorney for plaintiff and appellant.

J. Zach Spearing, attorney for defendant and appellee.

ON REHEARING

WESTERFIELD, J. A thorough reconsideration of this case and of the able briefs and arguments of counsel convinces us of the correctness of our former decree. Whatever may have been decided in La. Glass and Mirror Works vs. Irwin, 126 La. 555, 52 South. 765, and in Carr vs. Weir, 133 La. 22, 62 South. 219, so confidently relied upon by defendant, and no matter how close the analogy between Act 134 of 1906, the controlling statute when these cases were decided, and Act 262 of 1916, which we are presently considering it is impossible to escape the effect of the later jurisprudence beginning with Shreveport Mutual Building Association vs. Whittington, 141 La. 41, 74 South. 591, and affirmed in Audubon Homestead Association vs. A. Stef Lumber Company, 158 La. 1054, 105 South. 62; and Fidelity Homestead Association vs. Kennedy and Anderson, 158 La. 1059, 105 South. 64.

We quote the following from Fidelity

Homestead Association vs. Kennedy and Anderson:

"Regardless of what any other court may have at one time said, and with what good reason, the fact remains that in Shreveport Mutual Bldg. Assn. vs. Whittington, 141 La. 41, 74 South. 591, this court held that the service of a sworn account on the owner was not a condition precedent to recovery against the surety on a contractor's bid; and the reason there given by the court is equally applicable to the failure to record the claim in the Mortgage Office, to-wit: That by the terms of the statute, 'The surety * * * shall be limited to such defenses only as the principal of the bond can make.' And on the strength of that ruling, material men have since very generally neglected, as a useless formality, the service of accounts upon owners, and even any recordation thereof in the Mortgage Office. It would therefore be wholly improper to change that ruling without warning; and any desired change should be sought at the hands of the law-making department of the government. Accordingly, this court has again reaffirmed that doctrine in Audubon Homestead Assn. vs. Stef Lumber Co., our No. 25,904, not yet reported; and we adhere to it now."

As to the contention that the failure of plaintiff to record his claim in time caused defendant to return certain security it had exacted from the owner as indemnity and otherwise prejudiced defendant in its relation to its principal, we quote the following from the same source:

"The surety contends that it is not liable at all upon the bond, for this, to-wit: That plaintiff was having said building erected for account of one Mrs. H. B. Stackhouse; and that, to the knowledge of plaintiff, there was a side agreement between the contractor and said Mrs. Stackhouse, whereby the price to be received by the contractor was, not $5000.00, as declared in the building contract, but $6500.00; of which $1500.00 was to be paid by Mrs. Stackhouse; and of which the surety knew nothing. And it complains that the trial judge refused to admit any evidence on that point.

"This matter presents two aspects; one, as between the surety and the plaintiff, and the other, as between the surety and the furnishers of material.

"(1) As between the surety and the material men, such evidence was irrelevant and could not affect their claims. It is now well settled in this state that the surety on a builder's bond, given in accordance with the requirements of the statute, cannot escape liability towards laborers and material men on the ground of some breach of the contract on the part of the owner, or because of some equity which might estop the owner himself from recovering against said surety. First Nat. Bank vs. Hudson Construction Co., 156 La. 352, 100 South. 451, and authorities there cited."

For the reasons assigned our former opinion and decree is reinstated.