No. 2027.
Second Circuit Appeal.

## GEORGE C. VAUGHAN & SONS, INC., v. JONAS BODLEY.

(Feb. 3, 1925, Opinion and Decree.)
(March 2, 1925, Rehearing Refused.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Mechanic's Privileges —Par. 21, 23.**
Where the furnisher of materials complies with the provisions of Act No. 262 of 1916 by recording lien and serving same on the owner, his claim is governed by the provisions of that Act and the prescription of one year as prescribed by Act No. 229 of 1916 does not apply.

2. **Louisiana Digest—Estoppel—Par. 3.**
The furnisher of material of a building having obtained a judgment against the contractor, is not estopped from suing the owner even though no reservation of that right was made in the judgment obtained against the contractor.

Appeal from Thirteenth Judicial District Court of Louisiana, for the Parish of Rapides. Hon. Leven L. Hooe, Judge.

This is a suit by the furnisher of materials against the owner of building for recognition of lien and for collecting amount due for materials furnished.

Provosty & West, of Alexandria, attorneys for plaintiff, appellant.

Lamar Polk, of Alexandria, attorney for defendant, appellee.

ODOM, J. The defendant, Jonas Bodley, employed James Hodge, a local building contractor, to construct a small residence in the city of Alexandria at a price exceeding $500.00.

This contract is in writing, but was never recorded.

Jonas Bodley, the owner, did not require bond of the contractor, Hodge.

The plaintiff in this case sold to James Hodge, the contractor, a lot of building material. Plaintiff alleges that there is

still due him the sum of $346.24 on this material bill, for which amount he is now suing Bodley, the owner of the house.

## ON THE MERITS.

It seems that the contractor, Hodge, had two contracts on at the same time; the Bodley job and what was referred to as the Coleman job. The plaintiff was sending out lumber to Hodge, some for the Bodley and some for the Coleman job. When lumber was ordered it was usually ordered so as to designate the job it was intended for. It was all charged to Hodge, the contractor, but the account showed which job the material was intended for.

The testimony shows that the defendant, Bodley, went with the contractor, Hodge, to the office of the plaintiff before the work was begun for the purpose of buying building material. Arrangements were made and the material furnished and charged to Hodge, the contractor, the charges on the books being so made as to designate that the material was for the Bodley house. While some confusion arose over whether certain lumber was intended for and actually used in the construction of the Bodley house, the testimony satisfies us that there was material used in the construction of the Bodley house amounting to $286.34, which has not been paid for. Plaintiff sues for $346.34, and files an account showing that much due. But, according to the testimony of Hodge, there is an error of $60.00 on account of the fact that some lumber was charged to the Bodley job which should have been charged to the Coleman job. So that there is due on the account sued on only $286.34, instead of $346.34. This bill has not been paid and, therefore, if as a matter of law, Bodley is bound for any amount it is in the sum of $286.34.

## STATEMENT OF FACTS.

The pertinent facts in this case are as follows. Jonas Bodley, owner of a lot in Alexandria, employed James Hodge, a contractor, to erect a residence thereon at a price which exceeds $500.00; the contract was reduced to writing and signed by the owner and the contractor under private signature, but was not recorded in the office of the Recorder of Mortgages of the Parish of Rapides, wherein the property is situated; the owner did not require of the contractor a bond with surety; the plaintiff furnished to the contractor building material which was used in the construction of the building amounting to $286.34, for which it has not been paid; the building was completed by the contractor and accepted by the owner about the 19th day of April, 1920, when the owner went into possession thereof; the owner has never registered in the parish where the property is situated notice of his acceptance of the work; the owner has paid the contractor the full amount of the contract price for the building of the house, but the contractor has not paid for the material; the plaintiff, furnisher of material, on July 1, 1920, had filed and recorded in the mortgage records of the Parish of Rapides a sworn statement of his account; another sworn statement of said account was filed and recorded on October 31, 1922, and the defendant, Bodley, was duly served with copies of these sworn statements; the two sworn statements, one filed in July, 1920, and the other in October, 1922, are alike, except that the affidavits were made by different persons connected with plaintiff's firm.

This suit was filed November 9, 1922.

Under the above statement of facts is Bodley, the owner of the house, now bound for the unpaid balance for material used in the construction of the house?

## OPINION.

The real defense to the suit is that the action against the owner, Bodley, is barred by prescription. He also pleads

estoppel, which plea will be discussed later in this opinion.

Counsel for defendant in brief says: "This contract, having been entered into and the material furnished between December, 1919, and May, 1920, the contract and the lien which the plaintiff herein seeks to assert must be governed by the provisions of Act 229 of 1916 by reason of the fact that this contract as entered into was not recorded, no bond was furnished and the provisions of Act 262 of 1916 were in no manner complied with."

And counsel for plaintiff, appellant, in their brief state:

"The serious point in the case is whether Act 229 of 1916 or Act 262 of 1916 should apply to the present litigation. If Act 229 applies, the defendant is entitled to judgment. If Act 262, plaintiff is entitled to judgment."

It is clear from the above quotations from their briefs that counsel on both sides agree on what is the issue for the court to determine.

Act 229 of 1916 among other things provides in section 6 "that any privilege provided for by this act may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such right of action shall prescribe within one year from the date of recordation of the privilege in the office of the Recorder of Mortgages unless renewed in accordance with law".

Plaintiff's privilege was recorded in the office of the Recorder of Mortgages on the first day of June, 1920. Insofar as the defendant, Bodley, is concerned, nothing further was done until November 7, 1922, more than two years thereafter, when plaintiff again had his privilege recorded in the mortgage records.

This suit was filed November 9, 1922.

Therefore, plaintiff did not enforce its privilege within one year after it was recorded, nor did it renew the same within that time. Therefore, if the provisions of Act 229 govern, plaintiff's action is barred.

Act 262 of 1916 in section 1 provides that all persons who have claims against a contractor shall after the date of the completion of the work file a sworn statement thereof with the owner and record a statement thereof in the office of the Recorder of Mortgages for the parish in which said work has been done within forty-five days after the register "registry" of notice with the Recorder of Mortgages of the parish where the work is done by the owner of his acceptance of the work, until which time the delay to file privileges will not run.

Defendant, Bodley, the owner of the work, accepted the work about April 19, 1920, and went into possession thereof. But he has never registered notice with the Recorder of Mortgages of his acceptance of the work. According to the plain provisions of this act, the delay for filing privileges does not begin to run until the filing of such notice. So that if Act 262 of 1916 governs prescription has not yet begun to run.

Counsel for defendant, appellee, contends in brief that Act 229 must govern "by reason of the fact that this contract as entered into was not recorded, no bond was furnished and the provisions of Act 262 of 1916 were in no manner complied with" and he cites Musey vs. Prater, 147 La. 71, 84 South. 498. In our view, counsel is in error as to the law. The decision which he cites is against him. Act 226 of 1916 by its specific terms "is to require owners to secure bond with solvent and sufficient surety of the undertaker, contractor, master mechanic or engineer for the protection of all parties interested in the contract and as their interest may appear" and "if the owner fails to secure bond or if he fails to have the same

recorded in the office of the Recorder of Mortgages * * * the owner shall be in default and shall be liable to the same extent as the surety would have been, and all * * * furnishers of material shall have a first privilege on said building or improvements and ground to secure the amounts due them when their claims are recorded as herein provided".

This act applies to contracts of more than $500.00. It imposes upon the owner the duty of having the contract reduced to writing and recorded and to require bond. The recording of the contract is for the benefit of the laborers and those who furnish material. The act provides that such recordation shall create a lien and privilege on the building and grounds in favor of the said laborers and furnishers of material, and all others interested in the contract.

And it is provided that the condition of the bond shall be "the true and faithful performance of the contract and the payment of all * * * furnishers of material, the said bond to be in favor of the owner * * * and furnishers of material as their interests may appear".

And the act provides that if the owner complies with its provisions by requiring bond, etc., and complies with all other duties imposed upon him, he may escape liability on account of the claims of all laborers, sub-contractors, furnishers of material, etc., in case the contractor defaults. In case of such default by the contractor the surety on the bond steps in the shoes of the owner; he assumes all liability, and the owner may have all liens and privileges inscribed against his property erased.

So that while the act imposes upon the owner the burden of protecting material men and others who may be interested in the contract, it also grants him relief from their claims in case the contractor defaults. But his relief is dependent entirely upon his compliance with the duties imposed upon him by the statute. By the specific terms of the statute, if he fails to secure bond all furnishers of material shall have a first privilege on the said building or improvements and ground to secure the amount due them when their claims are recorded as herein provided.

If the laborers, furnishers of material and others interested in the contract comply with that portion of the statute which imposes upon them certain duties in order to take advantage of its provisions and the benefits afforded them by it and the owner fails to discharge the burden laid upon him to protect not only such laborers and material men but himself, there is no way as we see it for him to escape the penalties exacted of him by the statute.

Counsel has cited and apparently relies on the case of Musey vs. Prater, 147 La. 71, 84 South. 498. In that case as in this one the contract was for more than $500.00 and there as here the owner failed to record his contract and there was no bond executed in favor of laborers and material men as the act provides; and there as here the owner failed to do those things which Act 262 provides that he shall do, and the court held: "For the reason that none of these things were done by the owner, we are of the opinion that he cannot claim the benefits of the provisions of Act No. 262, which was adopted for his protection, as well as for the protection of contractors, etc."

In that case the owner had in his hands when the building was completed a certain amount due by him on the contract. In order to hav his property freed from all claims of material men, etc., he deposited the amount in court and cited the contractor the surety on the bond and all laborers, material men, etc., to show

cause if any they had why the said deposit should not be adjudged to be the total amount due by him, and he asked that said amount be paid over to whoever might be entitled to it and that his property be released from all claims. As between himself and the contractor and the surety on the bond, which was in proper form, there was no dispute, but when the material men came into court and asserted their claims, which amounted to more than the amount he had deposited in court, he tried to defeat their claims by invoking, in his behalf, that provision of Act 262 to the effect that in order for the laborers or furnishers of material to obtain a lien upon the property they must not only have a sworn statement of their claims recorded, but must also file the same with the owner. The material men in that case had not filed their statements with the owner. The court held: That having failed to comply with the provisions of the statute, he was in no position to invoke its benefits.

In the Musey case the court did say: "We are of the opinion that Act 229 refers to all building contracts, regardless of amount, whether verbal or in writing, where no bond, or a defective bond, is given by the contractor, and the contract and bond are not recorded in the manner provided for in Act 262."

Counsel for defendant construes that to mean that in case the owner does not require the contract to be reduced to writing and does not require bond, etc., as provided in Act 262, the laborers, material men and others cannot invoke the penalties exacted of the owner under that act. If that interpretation of the decision be correct, then the court held, in effect, that Act 229 repealed at least a portion of Act 262, for Act 262 specifically provides that in case the owner, where the contract exceeds $500.00, fails to obtain bond, etc.,

he shall be in default and the laborers, material men, etc., shall have a first lien and privilege on his property. But we know that the court did not intend to hold and did not hold that Act 229 repealed any part of Act 262, for in that case the court said: "These two acts are on kindred subjects and they must be construed together, remembering that Act 229 'shall not be construed to repeal or affect the operation of Act 167 of 1912, as amended by an act adopted at this session of the General Assembly'. Act. No. 262.

Our understanding of the court's holding is that the provisions of Act 229 apply in all cases regardless of the amount where the contract is not in writing, etc., but we do not understand that the court meant to hold that in cases where the contract is for more than $500.00 and no bond, etc., is given, the claimants are thrown entirely upon the provisions of Act 229, and cannot invoke in their behalf the provisions of Act 262, which are in their favor. The saying that the provisions of Act 229 are applicable in such cases is by no means equivalent to saying that if its provisions are applicable then all the provisions of Act 262 are excluded. Such, in effect, would be to read out of Act 262 that part of it which provides that the owner and his property shall become liable in case he failed to comply with its provisions with reference to the contract, the bond, etc.

Act 262 protects both the owner on the one hand and the laborers and furnishers of material on the other, against defaulting contractors. However, in order to reap the benefits of the act, there is a duty imposed upon the owner and upon those who furnish material. If the owner fails to comply with the act, he cannot, in order to escape liability, invoke in his behalf the provisions thereof which are advantageous to him. But we can see no

reason why a furnisher of material who has complied with all the requisites of the act should not be permitted to avail himself of its provisions in so far as they benefit him. The owner who is in default cannot drive those who are interested in the contract to take refuge under whichever act is more beneficial to himself. That, in effect, is what the owner is trying to do here. He is in default. He failed to record the contract, failed to require bond, failed to register notice of his acceptance of the work. On the contrary, the furnisher of material recorded its lien and served the same on the owner. Plaintiff has done precisely what the law says it should do, but it did not prosecute its claim within one year of the date on which it was recorded as is required in Act 229, but which is not required in Act 262. Therefore, defendant seeks to force plaintiff to take refuge under Act 229. This, in our opinion, he cannot do.

Our attention is called to the fact that the defendant has paid the contractor the full amount of the contract price, and it is suggested that it would be a hardship on him, under the circumstances, to have to pay for the material. Our comment on this point is that if the defendant had taken advantage of the laws that are made for his protection he would not have to pay for this material. On June 1, 1920, according to paragraph 6 of defendant's answer, plaintiff filed and recorded in the office of the Recorder of Mortgages of Rapides parish a sworn statement of this account and served, on or about the same date, a copy thereof on him. According to his own testimony, he had in his hands on that date practically if not quite enough funds due the contractor to take care of this bill. After receiving this notice and after his property was thus burdened with a lien, he paid the balance due on the contract to Hodge, the contractor. He could have held up this payment until Hodge paid for the material.

## ON THE PLEA OF ESTOPPEL.

On December 7, 1921, the plaintiff brought suit against James Hodge, the contractor, to recover the amount of this claim. It did not make Bodley, the owner, a party defendant but reserved its rights to proceed against him. Judgment by default was rendered against Hodge on January 3, 1922. The judgment does not reserve to plaintiff its right to pursue the owner.

Counsel cite no law in support of this plea. On the subject he says in brief: "I do not feel that there is any necessity to argue this question to any great length but simply to present to the court what I consider to be an equitable question of estoppel."

We know of no law and no reason why plaintiff should not be permitted to pursue the defendant now, even though he has obtained judgment against the contractor.

There was judgment in the lower court rejecting plaintiff's demands.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be reversed and avoided, and it is now, therefore, ordered, adjudged and decreed that there be judgment in favor of plaintiff, George C. Vaughan & Sons, Inc., and against defendant, Jonas Bodley, in the sum of two hundred eighty-six and 34-100 dollars, with legal interest thereon from judicial demand until paid, with recognition of plaintiff's lien and privilege, as provided by law, upon the following described property belonging to defendant, to wit: "A certain piece or parcel of land, being lot 13 of block 32, fronting 50 feet on Mill street, thence back between parallel lines the distance of 150 feet to other property in the rear and located in the South Alexandria Land

Company Addition to the city of Alexandria, Louisiana; together with all the improvements thereon, rights, ways and privileges thereto appertaining.

The defendant to pay all costs.

## ON APPLICATION FOR REHEARING.

REYNOLDS, J. Defendant asks for a rehearing, and especially emphasizes three grounds as reasons why we should grant the same, to wit:

1. Was the plaintiff's lein filed within the prescribed limits so as to‘ enable him to benefit by the statutes covering matters of this character?

2. Was not the plaintiff's right of action prescribed by his failure to renew or sue upon his first lien filed in May, 1920?

3. Has the plaintiff proved the facts necessary to sustain his lien?

As to inquiry No. 1, we held in our decision that plaintiff had a right to proceed under Act 262 of 1916; and under the provisions of said act the prescription therein referred to, insofar as it applies to the owner, contracting for work to be done, does not begin to run against the claims of the furnisher of supplies until the owner files notice with the Recorder of Mortgages of his acceptance of the work.

As to question No. 2, the prescription of one year applies to the privilege provided by Act 229 of 1916 but does not apply to the privilege provided by Act 262 of 1916.

As to question . No. 3, we have reread the record and find this evidence on page 21:

"By the court:
"Q. Are the items named in that statement correct and the material used in this building less items as appearing and amounting to sixty ($60.00) dollars that should have been charged to · this· Coleman job?
"A. Yes, sir."

.From this testimony of James Hodge, the party to whom the material was sold, and the other testimony in the record; we think the amount for which we allowed judgment fully proved.

Rehearing refused.