No.——.

First Circuit

# W. C. JOUBERT v. U. S. FIDELITY & GUARANTY COMPANY

(November 10, 1925. Opinion and Decree.)
(December 22, 1925. Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Builders and Building—Par. 29; Pleading—Par. 62.**

In a suit by a building sub-contractor for work done and material furnished it is not necessary in order to state a cause of action that plaintiff allege that his claim was recorded within forty-five days after the acceptance of the work.

2. **Louisiana Digest—Costs and Fees—Par. 30.**

A claimant under Act No. 224 of 1918 in order to recover ten per cent attorney's fees must prove amicable demand on the principal and surety followed by a delay of thirty days.

Appeal from the parish of East Baton Rouge. Hon. W. Carruth Jones, Judge.

This is a suit to recover a balance due a sub-contractor for work done and material furnished. It is brought against the surety of the contractor and was dismissed on exception of cause of action. Judgment reversed and case remanded, tried on its merits; deciding in favor of plaintiff, and the present appeal taken by defendant. Judgment amended disallowing ten per cent attorney's fees, otherwise affirmed.

Cross and Moyse of Baton Rouge, attorneys for plaintiff, appellee.

J. Zach Spearing of New Orleans and Charles A. Holcombe of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. The above suit is to recover a balance due plaintiff, as sub-contractor for work done , and material furnished in repairing the State House at Baton Rouge. The suit was brought directly against the surety of the contractor and was first dismissed by the trial Court on an exception of no cause of action. That judgment was reversed by this Court, as will appear by reference to an opinion and decree rendered May 6, 1924.

The case was remanded, tried on its merits, decided in favor of plaintiff and the present appeal was taken by defendant.

Defendant again argues that the plaintiff has no right or cause of action, that the bond was not recorded, that plaintiff failed to record his claim within forty-five days after the acceptance of the work, and that he should have instituted a concursus proceeding. These matters were all disposed of by our former judgment, in which defendant's exceptions were overruled. Defendant also complain that plaintiff filed his suit before the work had been accepted, that suit having been filed on October 25, 1922, and the work accepted by the owner, January 16, 1923. But he failed to file an exception of prematurity and it would be a fruitless formality, under the facts shown in the record, to dismiss the suit upon that ground, in order to compel plaintiff to bring the same suit again.

It sufficiently appears from the evidence in the record that plaintiff's claim is correct, that the labor and material furnished by him was used in performing in part the repairs provided by the contract and that the balance due him is five hundred and twelve 31-100 dollars with legal interest from judicial demand.

The defenses urged by defendant were held unavailable in similar cases decided by the Supreme Court. See Shreveport Mutual Building Assn. vs. Whittington, 141 La. 41, 74 South. 591, affirmed in Audubon Homestead Assn. vs. Stef Lumber Co., 158 La. 1054, 105 South. 62.

Defendant also complains that the trial judge erred in allowing plaintiff ten per cent attorney's fees on the amount of his claim.

Act 224, P. 406, of 1918, governing the present case, provides that the claimant is entitled to recover ten per cent attorney's fees as well as the full amount of his recorded claim or sworn claim, "provided that amicable demand for payment shall first be made on the ·principal and surety and thirty days shall elapse thereafter without payment being made in order that the said 10 per cent attorney's fees may be taxed." It thus appears that this provision inflicts upon the debtor an additional penalty besides legal interest, and, the jurisprudence being clear to the effect that penalties are not generally favored in law, therefore in order to recover the same a claimant must bring himself strictly within the letter of the expressed exceptional conditions under which they may be inflicted. The evidence fails to disclose any amicable demand on the principal and surety followed by a delay of 30 days, as required by the statute, and for that reason we believe our learned brother of the District Court erred in allowing plaintiff judgment for attorney's fees.

We therefore are of the opinion that the judgment appealed from should be amended by striking therefrom the penalty of ten per cent attorney's fees, and that otherwise said judgment should be affirmed, and

It is so ordered.