CLARKE CO., LTD., Appellant, v.

PETIVAN

___

(March 15, 1926. Opinion and Decree.)
(April 12, 1926. Rehearing Refused.)
(May 31, 1926. Writ of Certiorari and Review granted by Supreme Court.)
(October 21, 1926. Decree of Supreme Court.)

___

*(Syllabus by the Court.)*

1. **Louisiana Digest—Builders and Buildings—Par. 5; Mechanic's Privileges, Par. 16, 18.**

Act 229 of 1916 applies to all building contracts where the parties have not complied with the requirements of Act 262 of 1916.

2. **Louisiana Digest—Mechanic's Privileges —Par. 21, 23.**

Under Act 229 of 1916 all claimants of privileges for work done or materials furnished must record in the mortgage office a statement of their claim within forty-five days of the delivery and acceptance of the building in order to be entitled to a privilege upon the building or to a personal claim against the owner.

3. **Louisiana Digest—Builders and Buildings—Par. 30.**

The owner has the right to show that the date of acceptance of a building in her affidavit was an error.

Appeal from Civil District Court. Hon. Wynne Rogers, Judge.

Action by J. J. Clarke Co., Ltd., against A. J. Petivan, et al.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

Dart, Kernan & Dart and L. L. Dubourg, of New Orleans, attorneys for plaintiff, appellant.

Chas. Louque, of New Orleans, attorney for defendants, appellees.

CLAIBORNE, J. This is a suit by a furnisher of materials against the contractor and the owner.

The plaintiff alleged that it sold and delivered to the defendant contractor, Petivan, on different dates beginning on July 22 and ending on October 7, 1921, building materials amounting to $780.39, in part payment of which the said contractor had paid $250.00, leaving a balance due of $532.39; that the contract for said building amounted to $5400.00, and was duly recorded in the mortgage office; that the acceptance by the owner of the work done under said contract was recorded in the mortgage office on January 3, 1922; that plaintiff has a privilege for the amount due to him on the premises above mentioned, which he has preserved by recording a sworn statement of the same in the mortgage office on January

14, 1922. He prays for judgment against the contractor and the owner in solido.

There was judgment by default against the contractor, Petivan.

The defendant owner, Miss Ardill, denied all the allegations of the petition, and, further answering, denied "that the building was accepted as completed on January 3, 1922, but avers that same was completed and accepted on the 1st of October, 1921, and same was rented by respondent to J. C. Stockton on that date, and he took possession of same on that date; that more than sixty days and, in fact, three months and a half elapsed before any recordation of any lien by the plaintiff, who lost their claim against your respondent; that said lien was recorded January 14, 1922, as averred in allegation No. 5, which your respondent further avers that, under Act No. 229 of 1916, the forty-five days are to be computed from the time of the acceptance, and not from the recording of an acceptance in the mortgage office."

There was judgment in favor of the defendant owner, Miss Ardill, rejecting plaintiff's demand against her, and it has appealed.

Miss Ardill made an affidavit on January 3, 1922, and recorded it on the same day in the mortgage office "that the contract has been completed and the work has this day been accepted".

Her brother, however, William Ardill, notary, before whom she made the affidavit, swears that he knew on that date that the building had been accepted by his sister since October 1; he did that because he saw people suing Petivan, and he thought by recording this that the time would expire and that no one would sue her; but it was accepted on the 1st of October and leased and occupied on the 1st of October; his sister paid Petivan the full amount of the contract and for extras fifteen days after she accepted the property.

Miss Ardill, the defendant, also swears that the house was rented on October 1, 1921, to J. B. Stockton and Mr. Quinlan. She has the right to show her mistake in her affidavit. Dreyfus vs. American Bonding Co., 136 La. 498, 67 South. 342.

We must accept as a proven fact that the building was completed and accepted and occupied on October 1, 1921.

Two questions arise in this case. One as to the privilege by the plaintiff upon the building erected, and the other as to the personal liability of the owner, Miss Ardill.

Was it necessary that the acceptance of the building by the owner should have been in writing and recorded?

Act 262 of 1916, Sec. 1 S. 3, p. 537, requires every person having a claim against the contractor to "file a sworn statement thereof with the owner and record a sworn statement thereof, or his contract, if it has been reduced to writing, in the office of the recorder of mortgages for the parish in which the work has been done, within forty-five days after the registering of the notice with the recorder of mortgages of the parish where the work is done, by the owner of his acceptance of the work, until which time the delay to file privileges will not run".

By Act 229 of 1916, Sec. 2, p. 494, the sworn statement of the person claiming a privilege "must be filed within forty-five days after the acceptance of the work by the owner of the land on which work was done or his trustee or agent".

The question for solution is, which act governs the present case?

The answer is given in the following case:

It must be stated as a foundation for this opinion, that although the plaintiff alleges that the contract for this building "amounted to $5400.00 and was duly recorded in the mortgage office", there is no evidence that there was any bond, nor that it was recorded, nor what the conditions were under which the defendant, Miss Ardill, constructed the building. In other words, there is nothing to show that the parties complied with all the formalities required by Act 262 of 1916.

We must conclude, therefore, that the rights of the parties are governed by Act 229 of 1916.

In the case of Gleissner vs. Hughes, 153 La. 133, finally decided on rehearing in January, 1923, the court, in interpreting Act 229 of 1916, made a distinction between "the acceptance of the labor, material, machinery, etc., of each individual claimant, as distinguished from the completed job". In other words, as to a general contractor, his claim may be filed within forty-five days from the date of the acceptance of the building or improvement undertaken to be constructed; as to a subcontractor forty-five days from the acceptance of such subcontract work by the owner or his agent. When, however, as in this case, the entire work is done by the owner, superintended by a foreman or agent, the delay begins to run as to labor performed and materials, machinery furnished, from the time the same are performed or received and accepted.

In the instant case the last load of materials delivered was on October 7, 1921. Plaintiff's account was filed only on January 14, 1922, or ninety-nine days thereafter. Under the decision in the Gleissner case it was too late to entitle it to a privilege.

S. 3 of Act 134 of 1906, p. 223, provided that a claimant should record his statement within forty-five days after the completion of the contract. The Supreme Court said that a furnisher of materials, under contract with the undertaker, who had not recorded his claim within forty-five days after the date of the completion of the building, had no cause of action against the owner who had not required a bond from the contractor. La. Glass Works vs. Irwin, 126 La. 555, 52 South. 765; Roca vs. Frick, No. 8741; Thomas vs. Evans, No. 8911.

In the case of Musey vs. Prater, 147 La. 71, 84 South. 498, the Supreme Court said on rehearing:

"The contract in this instance was not recorded by the owner; and the bond was not taken in favor of the materialmen and laborers, and further, the bond was not recorded within thirty days after the signing of the contract. For the reason that none of these things were done by the owner, we are of the opinion that he cannot claim the benefits of the provisions of Act No. 262 which was adopted for the protection, as well as for the protection of contractors, etc., * * *. We are of the opinion that Act No. 229 refers to all building contracts, regardless of amount, whether verbal or in writing, where no bond or a defective bond is given by the contractor and the contract and bond are not recorded in the manner provided for in Act 262; and as none of these things were done by plaintiff, in this cause the materialmen, defendants have a right to assert their liens and privileges given them under Act 229."

This decision was affirmed in Rose vs. Eunice Electric Theatre, 154 La. 81, 97 South. 322, decided in June, 1923. The syllabus is as follows:

"Act No. 229 of 1916, giving a privilege to contractors and others furnishing labor and materials for building or erection, applies regardless of amount of contract, when the owner has not required bonds from contractors, and has not recorded the contracts so as to put Act No. 262 of 1916 into operation."

This case was followed by this court in Harry Bros. vs. Connell & Moore, et al., No. 9408; Knox vs. Maestri, No. 8485, confirming numerous previous opinions of this court.

S. 6 of Sec. 1 of Act 261 of 1916, p. 538, provides:

"Or if the owner fails to exact bond * * * he shall be in default and shall be liable to the same extent as the surety would have been * * *. The surety herein shall be limited to such defenses only as the principal on the bond (the contractor) can make.

"The purpose of this act is to require owners to secure bonds with solvent and sufficient security of the undertaker, contractor, master mechanic or engineer for the protection of all parties interested in the contract, and as their interest may appear, and said surety and in default of surety the owner is to stand in the place of a defaulting undertaker, contractor, master mechanic or engineer."

To the same effect, practically, are the Acts 221 of 1914, p. 418 (420), Act 167 of 1912, p. 302 (304), Act 134 of 1906, p. 223 (224), and Act 180 of 1894, p. 223.

As early as February, 1914, in the case of La Duff vs. Demoruelle, 11 Orl. App. 174, this court decided, affirming previous decisions, that "recording a sworn statement in the mortgage office and filing the same with the owner are conditions precedent to the right of recovery against the owner or against the surety on the building contract'" Affirmed in French Market Homestead Assn. vs. Daxheimer, 11 Orl. App. 277.

Though these decisions, as far as the surety is concerned, have been reversed by this court in the case of Brandin vs. U. S. Fidelity Co., No. 7125, and in Audubon Homestead Assn. vs. Steff Lbr. Co., 158 La. 1054, 105 South. 62; Shreveport Mut. Bldg. Assn. vs. Whittington, 141 La. 42, 74 South. 591, they have remained as authority as far as the owner is concerned.

In Harris Bros. vs. Cornell & Moore, No. 9408, this court said:

"This liability (of the owner) does not arise where the materialman fails to duly record his claim within the time given him under Act 229 of 1916 as interpreted by Gleissner vs. Hughes, 153 La. 134, 95 South. 529," quoting numerous authorities of this court.

Our decision was based upon the case of La. Glass vs. Irwin, 126 La. 555, 52 South. 765, which, in our opinion, was never reversed.

In the case of Shreveport vs. Whittington, 141 La. 41, 74 South. 591, the question was:

"Was it necessary for the materialmen to file sworn statements of their accounts with the owner of the building as a condition precedent to recovery of the amounts of such accounts as against the surety in case of the default of the contractor? Answer: No. The surety sustained no loss by reason of the alleged failure to give notice to the owner."

There was no question in that case of the necessity of filing a statement in the mortgage office within forty-five days, nor of fixing the liability of the owner. The necessity of filing that statement in the mortgage office in order that the owner might experience no loss speaks for itself. For it is in that office alone that the law requires all statements to be filed, and there that the owner must look to see if any materialmen or others remain unpaid.

If at the end of the forty-five days after acceptance he finds no inscription he is justified by law in believing that he may safely pay the contractor. If the materialman could abstain from recording his statement within forty-five days, he might abstain for an indefinite time, or for so long a time as it might please the contractor to suspend prescription of the claim. If, relying upon the absence of an inscription, the owner should pay the contractor, and should the right of the materialman continue to exist against the owner after the forty-five days, the owner would be exposed to serious loss by the negligence of the materialman. Hence the necessity for the materialman to record his statement to protect the owner against loss.

The evidence in this case is that the owner has paid the contractor, or there is a difference between the surety and the owner. As was said in the Whittington case on rehearing:

"The mistake which the learned counsel for the surety company makes is in not distinguishing between the owner, between whom and the materialman there is no contractual relation, on whose part there is no liability except that created by law, against or without his consent, and the surety company which has voluntarily entered into a contract to pay the materialmen in case the contractor does not, and has received a consideration for thus engaging itself."

We therefore come to the conclusion that the judgment appealed from in favor of Miss Ardill is correct and it is therefore affirmed.