No. 2265
Second Circuit

MERIWETHER SUPPLY CO. v. BAUGH

(April 8, 1927.  Opinion and Decree.)
(June 28, 1927.  Rehearing Refused.)

(*Syllabus by the Court*)

1.  Louisiana Digest—Mechanic's Privileges —Par. 45, 46; Builders and Buildings— Par. 5, 7.
Under Act 139 of 1922, the owner who fails to have reduced to writing the

contract with the builder and to have it recorded and who fails to exact bond of the contractor does not on that ground alone become liable for the value of materials used in the construction of the building.

2. **Louisiana Digest—Mechanic's Privileges —Par. 21, 35; Builders and Buildings— Par. 19.**

In order for the furnisher of materials for the construction of a building to hold the owner, who fails to exact bond, liable for his claim, under Act 139 of 1922, he must record his claim and serve notice on the owner within the time and in the manner prescribed by the Act.

3. **Louisiana Digest—Builders and Buildings—Par. 19; Mechanic's Privileges— Par. 21, 35.**

The provision of Sec. 5, Act 139 of 1922, to the effect that in case the owner fails to exact bond, etc., he shall be liable "to the same extent as the surety would have been," can be invoked against the owner by material men only in cases where he becomes bound to them, and he does not become bound to them unless and until they record the claims and serve notice on him as the act provides.

4. **Louisiana Digest—Pleading—Par. 62; Mechanic's Privileges—Par. 37.**

"When the furnisher of materials sues the owner of the building to compel the owner to pay for the materials said to be contracted as provided by Act 139 of 1922, he must allege that he gave notice to the owner within the time prescribed by the statute or his suit will be dismissed on exception of no cause of action."

Appealed from the City Court of the City of Shreveport, Louisiana. Hon. David B. Samuel, Judge.

Action by Meriwether Supply Company against Mrs. Pauline Looney Baugh, et al.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

Cook &. Cook, E. L. Blewer, of Shreveport, attorneys for plaintiff, appellant.

Crain, Jackson & Johnston, of Shreveport, attorneys for defendants, appellees.

ODOM, J. Plaintiff appealed from the judgment of the City Court sustaining an exception of no cause of action against Mrs. Baugh.

The petition alleges that, in the month of August, 1923, the A. & M. Construction Company entered into a contract with Mrs. Baugh for the erection of a building; that said Mrs. Baugh did not cause a written contract for said work to be recorded in the mortgage records of the parish, nor did she require the contractor to furnish bond as required by Act. No. 139 of 1922.

Plaintiff further alleges that it furnished materials and supplies to the contractor for the construction of the building, which were used therein, and that by the failure of Mrs. Baugh, the owner, to have her contract with the contractor reduced to writing and recorded, and by her failure to require the contractor to furnish bond with security, she is responsible to it personally for the payment of the price of the materials furnished the contractor and not paid for by it.

But plaintiff failed to allege that it mailed or otherwise sent to Mrs. Baugh, the owner, or to her architect or other representative, a sworn, itemized statement of its amount, or that it recorded a sworn statement of the amount thereof, or its contract, in the office of the recorder of mortgages of the parish in which the said work was done within

thirty days after the registry of notice of the acceptance of the work.

Mrs. Baugh, in limine, tendered an exception of no cause of action, which was sustained.

The sole question presented for our consideration is, whether the owner, who has failed to have her contract for the construction of a building reduced to writing and recorded, and who has failed to exact of the contractor bond with security and to have the same recorded, is personally liable to a furnisher of materials in case the furnisher of such materials has failed to serve on such owner a sworn, itemized statement of the account and has failed to record a sworn statement of the amount thereof in the office of the recorder of the parish in which the property is situated, under Act No. 139 of 1922.

Act No. 139 of 1922 relates to building contracts and provides that bonds shall be given in connection therewith, for the recordation of the contract and bond, and "for the creation, recordation and recognition of liens and privileges and the protection of contractors * * * material men * * * who shall * * * furnish material, machinery or fixtures for any building or other structure upon land in this state."

Section 5 of the act reads as follows:

"If the bond is found to be insufficient in amount or not to have a proper and solvent surety, or if the owner fails to require a bond, or if he fail to record the contract and bond during the time herein provided, he shall be liable to sub-contractors, journeymen, cartmen, truckmen, workmen, laborers, and mechanics and furnishers of material to the same extent as the surety would have been. And the privilege hereinbefore provided for *if recorded as provided in Section 2 hereof*, shall remain in full force and effect until all claims against

the building or other work erected on the land on which it is situated shall have been paid, unless otherwise ordered by the court. *In all cases where surety has been furnished*, the surety shall be entitled to make only the same defenses that the contractor for whom he signed the bond is authorized to make except as to the owner who has made payments in anticipation.".

The contention of counsel for plaintiff is that the owner who fails to have his contract reduced to writing and recorded and who fails to exact of the contractor bond and surety, stands in the place and stead of a surety on the contractor's bond, and can make no defenses against the claims of laborers and material men which cannot be made by such surety. .

We think counsel are in error.

It is true that under the plain letter of the act if the owner fails to exact bond with surety, etc., to become liable to the

*"same extent as surety would have been."*

but that does not mean that in case the owner fails to do what the statute requires of him in the way of exacting bond, etc., a material man or laborer is absolved from doing what the statute specifically provides he shall do in order to hold the owner.

The court, in construing that part of Section 5 invoked by plaintiff, must construe it in connection with other provisions of the act.

Section 2 of the act provides that every person having a claim against the undertaker or contractor shall, within certain delays after the work is completed,

"mail or otherwise send a sworn itemized statement thereof to the owner or his architect or other representative, and re-

cord a sworn statement of the amount thereof, or his contract, if it has been reduced to writing, in the office of the recorder of mortgages for the parish in which the said work has been done."

It is clear under this section of the act that if and when a furnisher of material used by the contractor in the construction of a building files his claim with the owner within the delays prescribed and records the same in the office of the recorder of mortgages, there is created and established in his favor a lien and privilege on the building and on the land and an obligation on the part of the owner to pay the same.

But unless and until the claimant complies with this section' of the act, by giving such notice to the owner, there exists no obligation on the part of the owner to protect him.

There is no contractural relation between the owner of the building and the furnisher of materials. The owner is under no obligation to him except that which is created by the act. The act, insofar as it creates an obligation on the part of the owner in favor of the material man, an obligation which arises without the owner's consent, is in derogation of common right and must be strictly construed in favor of the owner against whom the act creates an obligation.

Alfred Hiller Co., Ltd., vs. Hotel Grunewald Co., Ltd. 147 La. 129, 84 South. 520.

Cole vs. Schexnadire, 163 La., 111 South. 651.

The court cannot give effect to Section 5 of the act, which counsel invokes against the owner, and at the same time ignore Section 2 thereof which' protects him by requiring the material man whose claim has not been paid to give him notice of that fact.

The owner makes no contract with the undertaker. The owner would be powerless to protect himself against claims against the contractor unless he had notice of their existence.

Inasmuch as there is no contractural relation between the owner and material men and laborers and therefore no contractural obligation on the owner's part to protect them, the law points out a method by which they may hold the owner and his property, and that method is by giving him notice and recording their claims.

If the claimant fulfills the requirement of the statute the law creates an obligation on the part of the owner to pay the claim. Can it be said that such claimants may ignore the duty imposed upon them by the statute and still hold the owner merely and solely because he failed to reduce his contract to writing and have it recorded or failed to exact bond of the contractor?

We do not think so.

The law exacts a penalty of the owner for his failure to require a written contract or bond, but that penalty cannot be invoked until and unless those who claim its benefits bring themselves under the exact and specific requirements of the act, in view of the fact that the act which creates the obligation against the owner is in derogation of common right, the obligation being created without his consent.

The case of Louisiana Glass & Mirror Works vs. Irwin, 126 La. 555, 52 South. 765, is exactly in point.

In that case there was no written contract and no bond, but the material, the price of which was sued for, was used in the construction of the building. There was no attested accounts served on the owner within the time prescribed by law and no sworn account was recorded in the mortgage office.

The lower judge held that—

"the plaintiff had no lien or privilege for want of the registry of its claim as required by law, and had no recourse against the owner personally, because of plaintiff's failure to file a sworn statement of its claim with the owner, and to record a similar sworn statement in the mortgage office within 45 days after the completion of the building, as required by paragraph 4, section 1, of Act 134 of 1906."

The case was carried to the Court of Appeal, which court amended the judgment condemning the owner in solido with the contractor for the full amount sued for.

The case was carried to the Supreme Court on a writ. That court set aside the decree of the Court of Appeal and ordered

"that the judgment of the First City Court be affirmed."

That case fits the one at bar like a "wet blanket."

The court, in that case, had under consideration Act 134 of 1906, which related to building contracts in cities of over fifty thousand inhabitants; but the provisions of the statute relating to liens and privileges and the rights and obligations of all parties are almost if not quite identical with the provisions of Act 139 of 1922. It, like the Act of 1922, provided that

"Every person having a claim against the undertaker * * * shall * * * file a sworn statement thereof with the owner and record a sworn statement thereof in the office of the recorder of mortgages for the parish in which said work has been done."

It also specifically provided that

"If the owner fails to exact said bond or if he fails to have same recorded in the office of the recorder of mortgages in the manner and within the time hereinabove provided, *the owner shall be deemed in default*, and *shall be liable to the same extent as the surety would have been*"

And it further provides that

"The surety herein shall be limited to such defense only as the principal of the bond could make."

And it specified that all contracts for any amount exceeding $1000.00

"shall be reduced to writing * * * and shall be recorded in the office of the recorder of mortgages of the parish where the work is executed."

With slight variation in language, these are identical provisions contained in the Act of 1922.

And yet the court said in the case of Louisiana Glass & Mirror Co. vs. Irwin, 126 La. 555, 52 South. 765, cited supra, that

"the furnisher has complied with neither the requirements of the Code, nor of the statute. The non-compliance of the owner does not dispense the furnisher of material under Act 134 of 1906 from fulfilling on his part the requirements of the statute.

The court also said:

"There is no privity of contract between the owner and persons who furnish materials to the contractor, and the latter in order to acquire a right of action

against the owner must comply strictly with the requirements of the statute."

The ruling in that case was reaffirmed in the case of Musey vs. Prater, 147 La. 71, 84 South. 498, where the court, on original hearing, said:

"The bond in this case was not in favor of the laborers and material men; hence they 'had no recourse upon it. In view of this failure of the owner of the building to exact of the contractor a bond of the kind required by said Act 262, the learned counsel of the furnishers of labor and material argue that he is not entitled to the protection of said Act 262. The answer is very simple. The furnishers of labor and material have no claim whatever upon or against the owner or his property until they have complied with the requirements of said Act 262 by whose operation solely their right of action against him or his property comes into existence; and until they have thus acquired a claim against him or his property he stands in no need of the protection of said Act. His failure to exact a bond does not make him liable irrespective of whether a sworn statement is served within the legal delays, but makes him liable provided such statement is served."

Act 262 of 1916 under consideration by the court, contained the same stipulations as Act 139 of 1922.

On rehearing, the court modified its former decision and held that the owner was liable, but without repudiating the above holding. The court found that Act 262 of 1916 did not apply to that case, which was governed by Act 229 of 1916, which latter Act does not require

"that such claims should be attested and filed with the owner."

Act 262 of 1916 does contain that provision, and it is clear that if Act 229 had contained a similar provision to that found in Act 262 the court's original ruling would not· have been disturbed.

In that case the claimants did, however, record a statement of their acounts as Act 229 required.

As the court had under consideration statutes similar to that of 1922 these cases are in point. These decisions have not been overruled, or modified,

The provision in Section 5 of Act 139 of 1922 to the effect that in case the owner fails to exact bond, etc., he shall be liable

"to the same extent as the surety would have been."

can be invoked against the owner only in cases where he becomes bound and he is not bound unless the material men or others who have claims against him file their claims with the owner and properly record them as the act provides; thereby bringing into existence the obligation of the owner toward them as created by the act.

In that event, and only in that event, is the owner liable

"to the same extent as the surety would have been."

which liability is that if the contract is less than $5000.00 he is bound for the full amount thereof, and that if it be for an amount exceeding $5000.00 but not exceeding $100,000.00, he shall be bound for fifty per cent. thereof, or the amount of the bond he should have exacted under Section 1 of the act.

Counsel are in error when they state that the owner's failure to exact bond deprives him of the right to make only such defenses as a surety who has signed a contractor's bond could make. The act provides that

"In all cases where surety has been furnished, .the surety shall be entitled

to make only the same defenses that the contractor for whom he signed the bond is authorized to make."

In the case of Shreveport Mutual Building & Loan Association vs. Whittington, 141 La. 41, 74 South. 591, the court held that it was not necessary for material men to file a sworn statement of their account with the owner of the building as to condition precedent to recovery as against the surety on the contractor's bond; and the court said, on rehearing:

"The mistakes which the learned counsel for the surety company make is in not distinguishing between the owner, between whom and the material man there is no contractural relation, on whose part there is no liability except that created by law against, or without, his consent, and the surety company who has voluntarily entered into a contract to pay the material men in case the contractor does not, and has received a consideration for thus engaging itself."

The contractor cannot defend against the claims for material which he purchased on the ground that the claimants failed to serve notice on the owner. The contractor's obligation arises from a contract. His surety can, under the act, make only such defenses as he could make. But the owner is not a surety on the contractor's bond.

In the cases of Audubon Homestead Ass'n vs. A. Stef Lumber Co., 158 La. 1054, 705 South. 62, and Graphic Arts Bldg. Co. vs. Union Indemnity Co., 162 La., 111 South. 470, the Supreme Court held that notwithstanding material men's liens were not filed and recorded they might be asserted against the contractor's surety, who is limited to such defenses as the principal on the bond could make.

Counsel for plaintiff cite these cases in support of their contention that the owner in the case at bar is liable. But the cited cases are not in point. The court was there considering the liability of the surety on the contractor's bond and not that of the owner.

Aside from the decisions which we have cited above, we find that the views which we hold are in exact accord with those entertained by the Orleans Court of Appeal and the Court of Appeal for the First Circuit.

See:

Harry Bros. Co. of La. vs. Connell & Moore, et al, decided by the Orleans Court of Appeal on January 14, 1924; case No. 9408.

Burkes vs. Kennedy, 5 La. App. 338. (Advance Reports No. 15.)

The judgment appealed from, sustaining the exception of no cause of action filed by Mrs. Baugh, the owner of the building, is affirmed, with costs.