CASEY v. ALLAIN ET AL.

——

(February 11, 1929. Opinion and Decree.)

——

Geo. Montgomery, of New Orleans, attorney for plaintiff, appellant.

Guion, Upton & Ogdon and J. J. Reilley, Jno. J. Foster, Wm. McL. Fayssaux, Ed. J. DeVerges, E. M. Stafford & Daniel Wendling, of New Orleans, attorneys for defendant, appellee.

JONES, J. Originally, the claims of several materialmen were involved in this concursus proceeding, but they have all been settled except that of the Brandin Slate Company, Inc., for $299.50, interest and costs.

Casey, the owner, who admits that he failed to have the contract and bond recorded in the mortgage office, as required by Act 139 of 1922, the controlling statute, appeals from a judgment in favor of the slate company on the ground that there is no evidence to show that the slate was ever actually delivered to or used by plaintiff and that no demand was ever made on the owner, or attested itemized account served on him.

This contention is sustained by the record. Villars, secretary of the Brandin Slate Company, the only witness in support of the claim, after testifying that the amount of the bill was correct, and that repeated demand had been made for payment, stated that notice had been served on "the materialman."

Evidently this was an error. The witness plainly meant the "owner" and inadvertently followed counsel's question in saying "materialman."

Even if we overlook this error there is a still greater difficulty, for there is absolutely no proof that the attested account was ever mailed or otherwise sent to the owner, as is specifically required by Section 2 of the Act.

In Edwards Lumber Co. vs. Henry Mason et al., 9 Orl. App. 203, this court, in construing Act 134 of 1906, which contained a requirement similar to that in Section 2 of Act 139 of 1922, held that the service of an attested account upon the owner was a condition precedent to recovery from him.

In Merriwether Supply Co. vs. Baugh, 6 La. App. 730, the Appellate Court of the

Second Circuit held that the material furnisher must serve notice on the owner within the time required by the act.

As the statute is in derogation of common right, it must be construed strictly, and whoever seeks to take advantage of it must himself show that he has complied with all its provisions. Fortunately, there is still enough left in the registry of the court to pay approximately one-half of the claim.

For above reasons the judgment is reversed, and it is now ordered, adjudged and decreed that the amount still on deposit in the registry of the Civil District Court in this case be paid over to intervenor, the Brandin Slate Company, Inc., and that in all other respects this intervention be dismissed.