No. 2817

Second Circuit

CENTRAL LUMBER CO., INC., v. DOUGLAS ET AL.

(February 24, 1930.   Opinion and Decree.)
(April 10, 1930.   Rehearing Refused.)

Lee & Gilmer, of Shreveport, attorneys for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendants, appellants.

WEBB, J.   This action was brought by plaintiff, Central Lumber Company, Inc., a corporation, against defendants T. P. and A. M. Whittington and S. A. E. and S. L. Douglas, to recover judgment against them in solido for the price of material furnished by plaintiff and used in constructing improvements on land owned by S. A. E. and S. L. Douglas, and for recognition of a lien and privilege on the land and improvements to secure the claim.

Plaintiff alleged that S. A. E. and. S. L. Douglas had entered into a contract with T. P. and A. M. Whittington under which the latter agreed to construct improvements on the land, and that the Whittingtons had ordered from the plaintiff the material to be used and which was used in constructing the improvements, that the contract between the Whittingtons and S. A. E. and S. L. Douglas was not recorded, and that the latter had failed to require a bond of the Whittingtons for

the faithful performance of the contract· and payment of subcontractors, furnishers of material, etc., and that plaintiff had caused to be served on S. A. E. and S. L. Douglas a sworn itemized statement of its claim and had recorded a sworn statement of the amount of the claim in the office of the recorder of mortgages of the parish where the work was done, etc.

Defendants admitted that a contract had been entered into between S. A. E. and S. L. Douglas and T. P. and A. M. Whittington for the construction of improvements by the latter on the property of the former, and that the contract had not been recorded, and that there was not any bond required of the contractors, but denied that plaintiff had served a sworn itemized statement of its claim on S. A. E. and S. L. Douglas or that it had recorded a sworn statement of the amount of its claim in the office of the recorder of mortgages.

On trial, judgment was rendered in favor of plaintiff against all of the defendants for a part of the amount claimed, with recognition of a privilege on the land and improvements to secure same, and S. A. E. and S. L. Douglas appealed.

It is conceded that, as between plaintiff and appellants, the rights of the parties are controlled by the building statute (Act No. 139 of 1922) in force at the time of the transaction. That statute, in substance, provides that, where owners of real estate contract for the construction of improvements on the property, the contract shall be reduced to writing and bond required of the contractors for the faithful performance of the work and payment of subcontractors, furnishers of material, etc., and that the contract and bond shall be recorded in the office of the recorder of mortgages of the parish where the work is to be done, and, in default of the contract being recorded and bond required and recorded, etc., provision is made whereby the subcontractors, furnishers of material, etc., may, by mailing or otherwise sending to the owners of the property a sworn itemized statement of their claims and recording a sworn statement of the amount thereof in the office of the recorder of mortgages of the parish where the work is done, hold the owners personally liable for the claims to the same extent as the surety on the bond would have been, with a privilege on the property to secure the indebtedness (secs. 1, 2, 5, Act No. 139 of 1922); and, where the improvements are made by the owner of the property, and the material, etc., is furnished to the owner for and is used by him in constructing improvements thereon, provision is made for the protection of persons dealing directly with the owner and furnishing him with material, etc. Section 11 of Act No. 139 of 1922.

Appellants S. A. E. and S. L. Douglas urge that plaintiff failed to establish that it had served on or sent them a sworn itemized statement of the claim, or that it had recorded a sworn statement of the amount thereof in the office of the recorder of mortgages, as required by the statute (Act No. 139 of 1922, sec. 2), and that the judgment against them for the amount of the claim and recognizing a privilege on the property to secure it should be reversed, and, while appellee contends that the evidence established compliance with section 2 of the statute, relative to service and recordation of its claim, it contends that the evidence established there was not any contract between S. A. E. and S. L. Douglas and T. P. and A. M. Whittington, and that S. A. E. and S. L. Douglas are liable · as having undertaken

the work of improving the property for their own account under the provisions of section 11 of the statute, and that it was not necessary that notice of its claim should have been served on S. A. E. and S. L. Douglas, or that a sworn statement of its amount should have been recorded in the office of the recorder of mortgages.

Plaintiff alleged and defendants admitted that the material had been furnished to T. P. and A. M. Whittington, and the evidence established that such was the fact, and we do not think it is possible to say there was any conventional obligation on the part of S. A. E. and S. L. Douglas to pay for the material furnished. by plaintiff to T. P. and A. M. Whittington, and, if S. A. E. and S. L. Douglas are liable, it must be under the obligation imposed by the statute, and we do not deem it necessary to consider the provisions of section 11 of the statute, which concededly relate merely to the question of preserving the privilege granted by the statute to persons dealing with the owner of the property with reference to its improvement where such improvement is undertaken by the owner for his own account.

The evidence established that there was filed and recorded in the office of the recorder of mortgages an itemized statement of the account, together with a purported affidavit of the correctness thereof, etc., in which the officer who signed the jurat declared that the Central Lumber Company, Inc., personally appeared before him and made the affidavit which is signed "Central Lumber Company, Inc. by W. L. De Loach"; and the only objection urged is as to the sufficiency of the affidavit.

Under section 2 of the statute it is provided that "every person having a claim against the * * * contractor (etc.) * * * shall * * * mail or otherwise send a sworn itemized statement thereof to the owner (etc.), and record a sworn statement of the amount thereof * * * in the office of the Recorder of Mortgages for the Parish in which the said work has been done"; and, it being conceded that the statute by which the owner of the property is held liable for the debts of the contractor and his property subjected to a privilege to pay the indebtedness must be strictly construed (Casey vs. Allain, 9 La. App. 725, 120 So. 420; Meriwether Supply Co. vs. Baugh, 6 La. App. 730) it is urged that the service and recordation of the statement was not sufficient to convey notice either to S. A. E. and S. L. Douglas of the claim or to third persons of the claim against the property.

The statute does not state in what form the affidavit shall be made, and, while the form of the affidavit in the present instance is subject to criticism, we are of the opinion that it must be regarded as an affidavit and W. L. De Loach as the affiant, and, as the statute does not expressly state that the affidavit must be made by the claimant, it must be held to contemplate that, where the claimant is a corporation, it will not be so made, and the question presented is whether or not it is necessary, where the affidavit is made by another than the claimant, that the authority of the affiant should appear.

The affidavit required by the statute is ex parte and does not make proof of the correctness of the claim, and may be made

on information and belief (Crane Co. vs. Epworth Hotel, etc., Co., 121 Mo. App. 209, 98 S.W. 795), and, as plaintiff is pressing the claim and must be held to have at least ratified the action of De Loach, the objection that the affidavit does not show the authority of De Loach is highly technical and can be sustained only on the theory that the affidavit was not in strict compliance with the statute and not on the theory that the service was insufficient notice to defendants that plaintiff had furnished material used in improving defendant's property or that the recordation of the statement was insufficient to convey notice to the public or third persons dealing with the owner with reference to the property that a lien was claimed on the property.

As stated, however, the statute does not provide that the affidavit shall be made by the claimant, and must contemplate that it may be made by another; neither does the statute provide what shall be the form or substance in which the claim of lien or privilege shall be drafted, and we assume that the only object to be attained is notice to the person who is sought to be held personally responsible for the claim, and to give notice to persons who may deal with the owner that a privilege is claimed on the property; and we think those objects were fully attained by the service and registry made in the present case.

The judgment appealed from is therefore affirmed.