485 So.2d 529 (1986)
Wayne MORGAN, d/b/a Yantley Erectors, Inc.
v.
AUDUBON CONSTRUCTION CORPORATION and Texaco, Inc.
No. 85-CA-307.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1986.
Harry T. Widmann, New Orleans, for Wayne Morgan d/b/a Yantley Erectors, Inc. plaintiff-appellant.
Joseph E. Friend, Dodge, Friend, Wilson & Spedale, New Orleans, for Audubon Const. Corp. and Texaco, defendants-appellees.
Before BOUTALL, CURRAULT and DUFRESNE, JJ.
*530 BOUTALL, Judge.
Plaintiff appeals the dismissal of his suit on exceptions of prescription and no cause of action. At issue is whether the trial court erred in finding that plaintiff's claim for the balance due on a builder's sub-subcontract had prescribed because his lien affidavit was improperly filed and ineffective to preserve his claim.
Texaco, Inc., as owner of the property, contracted with Audubon Construction Corporation as the general contractor for the construction of an administration complex for Texaco. Audubon in turn subcontracted with 4-H Steel Products Company, who then sub-subcontracted with plaintiff. 4-H did not pay plaintiff, and this suit followed. (4-H Steel went bankrupt.)
The following dates are important:
1. A notice of general contract between Texaco and Audubon was recorded on January 5, 1982.
2. A sworn statement of lien for labor and materials, signed "Yantley Erectors, Inc. by: Wayne Morgan" was recorded on August 15, 1983. A copy of this statement was served on both defendants.
3. On August 31, 1983 a notice of termination of the work was filed in the mortgage records of St. James Parish, stating that the work under the contract between Texaco and Audubon had been substantially completed.
4. The instant suit was filed on August 20, 1984 in the name of "Wayne Morgan, d/b/a Yantley Erectors, Inc."
Defendants filed exceptions of prescription and no cause of action, which the trial judge maintained. He stated in his reasons for judgment that the plaintiff had failed to file any statement of claim or privilege, as the lien which was filed was executed by a separate and distinct legal entity, "Yantley Erectors, Inc. by: Wayne Morgan," from the plaintiff, "Wayne Morgan, d/b/a Yantley Erectors, Inc." As that lien had no effect, the plaintiff had not complied with the time constraints of the Private Works Act, LSA-R.S. 9:4801 et seq., specifically sections 4822 and 4823.
Plaintiff contends both the lien and the suit satisfy the notice requirements of the Private Works Act. Yantley Erectors, Inc. is not a corporation, and the use of "Inc." is in error, as the name is only a trade name. Wayne Morgan is the owner of the business and he is both affiant and plaintiff. As the lien affidavit and lawsuit were filed by the same parties, the claim should not be dismissed on a minor technicality. On the other hand, defendants contend that because a legal entity other than the plaintiff filed the lien it has no effect and the claim has been extinguished under section 4823 of the statute.
This suit is governed by the Private Works Act, as revised, effective January 1, 1982 as plaintiff's claim for nonpayment arose after January 1, 1982.
LSA-R.S. 9:4822(A) provides that where a notice of contract has been filed, a person asserting a claim or privilege:
"... shall within thirty days after the filing of a notice of termination of the work:
(1) File a statement of their claims or privilege.
(2) Deliver to the owner a copy of the statement of claim or privilege ..."
LSA-R.S. 9:4822(G) requires, inter alia, that a statement of a claim or privilege:
"(2) Shall be signed by the person asserting the same or his representative."
LSA-R.S. 9:4823, dealing with extinguishment of claims or privileges provides, in pertinent part:
"A. A privilege given by R.S. 9:4801, a claim against the owner and the privilege securing it granted by R.S. 9:4802, or a claim against the contractor granted by R.S. 9:4802 is extinguished if:
* * * * * *
(2) The claimant or holder of the privilege does not institute an action against the owner for the enforcement of the claim or privilege within one year after the expiration of the time given by R.S. 9:4822 for filing the *531 statement of claim or privilege to preserve it; ..."
If the lien filed by the plaintiff is determined to be valid, the suit was filed timely on August 20, 1984, as the expiration date was one year plus 30 days from August 31, 1983, the date of notice of termination, or September 30, 1984.
Because the Private Works Act is an act in derogation of the general law of contracts, it must be strictly construed. However, strict construction cannot be so interpreted as to permit purely technical objections to defeat the real intent of the statute, which is to protect materialmen, laborers and subcontractors who engage in construction projects. Authement's Ornamental Iron Works v. Reisfeld, 376 So.2d 1061 (La.App. 4th Cir.1979).
As to the purpose of filing a lien affidavit, the comments following R.S. 9:4822 explain at section (G) that:
"... The purpose of a statement or claim of privilege is to give notice to the owner (and contractor) of the existence of the claim and to give notice to persons who may deal with the owner that a privilege is claimed on the property.... Technical defects in the notice should not defeat the claim as long as the notice is adequate to serve the purposes intended."
Central Lumber Co. v. Douglas, 12 La.App. 680, 127 So. 43 (1930), although an older case, is relevant. There the court held that a lien affidavit which was signed "C. Lumber Company, Incorporated By: W.L.D." gave sufficient notice to land owners and third persons that the corporation claimed a lien on the property despite defendant's contention that the affidavit failed to show the authority of W.L.D. to execute the affidavit. The court dismissed this argument as "highly technical" even though it had noted earlier in the opinion that the statute at issue (the forerunner of the present Private Works Act) must be strictly construed.
Also on point is Alside Supply Co. v. Gervais, 303 So.2d 584 (La.App. 4th Cir. 1974). In that case, petitioners filed suit in the same name as was used in the lien affidavit, Alside Supply Co., N.O., Division of Alside, Inc. Defendant filed a peremptory exception that Alside Supply Co. was not the proper corporate entity and thus not a proper party plaintiff. The trial court allowed plaintiff to amend its petition to read, "... the petition of Alside, Inc. d/b/a Alside Supply Co." The appellate court upheld the trial court's ruling, pointing out that the corporate entity Alside, Inc. was included in the lien affidavit and original petition as well as the amended petition. The court found that the amendment had not changed the entity to another and concluded that strict construction cannot be so interpreted as to permit purely technical objections to defeat the real intent of the statute.
In the case before us the company trade name, Yantley Erectors, Inc., and the name of the owner, Wayne Morgan, are present on both the affidavit and the petition. Clearly Texaco and Audubon Construction Company received sufficient notice of the claim against them. Accordingly, we hold that the judgment of the trial court is incorrect and we reverse.
The defendant's exception of no cause of action involves the same issue as the exception of prescription, i.e. whether the lien affidavit and lawsuit were filed by two different entities. Having decided that they were not, we reverse the judgment as to the exception of no cause of action also.
For the reasons stated above, the judgment appealed from is reversed and remanded for trial of the merits.
REVERSED AND REMANDED.