GRISBAUM, Judge.
The plaintiff, Frederick Lewis, appeals the summary judgment which was granted in favor of the defendant, USA Transport, Inc., whom he claims was either his statutory employer as a matter of law under La. R.S. 23:1061 or his employer under La.R.S. 23:1021(6) at the time of his accident. We reverse and remand.
ISSUE
Given the pleadings and supporting documents, was there a genuine issue of material fact and was the defendant entitled to judgment as matter of law under La. 23:1061 and 1021(6)?
FACTS
The plaintiff in petition alleges that
*540 On September 30, 1986 petitioner, during the course and scope of his employment with USA Transport and Michael M. McGough, while operating a tractor-trailer truck in St. Charles Parish did sustain personal injury to his knees, back, wrists and other parts of his body when the truck that he was driving was involved in an automobile accident on 1-10. At all times material hereto, plaintiff was operating the truck during the course and scope of his employment with defendants. Plaintiff spent the majority of his time engaged in the manual task of driving the truck.
In its answer, USA Transport denies the allegations of the plaintiffs unparagraphed petition and “specifically denies that petitioner, Frederick Lewis, was employed by USA Transport or that he was injured during the course and scope of employment for USA Transport; USA Transport denies at all times that Frederick Lewis was an employee of USA Transport.” USA Transport also asserts the following:
Upon information and belief, petitioner was an employee of Michael M. McGough and was paid by him; defendant USA Transport had no employment or contractual relationship with plaintiff and denies that he was ever employed by USA Transport and therefore sustained no accident or injuries during the course and scope of any employment with USA Transport.
[[Image here]]
Defendant USA Transport further shows that it entered into a permanent lease agreement with defendant Michael M. McGough, under which agreement Mi-chal M. McGough was responsible for all wages, payroll taxes, benefits and insurance of the driver of the leased vehicle, where the lessor (Michael McGough) furnished the services of a driver; it is specifically averred that Michael McGough furnished the services of the driver in the present instances, apparently Frederick Lewis, and that therefore McGough is responsible for wages, payroll taxes, benefits and insurance of the said driver.
A document titled Permanent Lease Agreement provides that “If LESSOR furnishes the services of a driver, LESSOR shall be responsible for wages, payroll taxes, benefits and insurance of said driver.” The contract also contains a hold-harmless clause in favor of the lessee, USA Transport. Moreover, the lease provides, “LESSEE shall have exclusive possession, control, and use of the equipment for the duration of the lease and shall assume complete responsibility for the operation of the equipment for the duration of this lease.”
USA Transport moved for summary judgment on March 23, 1987 and submitted a memorandum in support of its motion. Also submitted by the defendant was a copy of the lease of the truck and an affidavit of Michael Truxillo, president of USA Transport, Inc. The last document states that USA Transport
paid no wages to or on behalf of plaintiff Frederick Lewis; paid no payroll taxes, benefits or insurance to or on behalf of plaintiff; U.S.A. Transport did not carry Frederick Lewis as an employee, did not require him to fill out any withholding forms and did not withhold any amounts for taxes or insurance and made no payments to or on behalf of plaintiff Frederick Lewis.
In his memorandum of opposition, the plaintiff for the first time unambiguously alleges that USA Transport was his statutory employer. It also alleges that USA Transport instructed the plaintiff as to where to pick up and to deliver the trailer being transported. Submitted in support of the opposition was the following affidavit:
*541 [[Image here]]
After hearing, summary judgment was granted May 27, 1987 in favor of the defendant.
LAW
The mechanism of summary judgment in civil proceedings is provided for by La.C. C.P. art. 966, which states:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C.A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
The jurisprudence interpreting this provision makes clear that summary judgment should be granted only when reasonable minds must conclude that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). A decision on the motion necessarily involves an examination of the merits of the case as they appear through the pleadings and supporting documents *542 submitted on trial of the motion.[1] Jones v. City of Kenner, 442 So.2d 1242, 1245 (La.App. 5th Cir.1983).
As should be obvious from the rationale of summary judgment principles, any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Only in the context of the applicable substantive law can issues of material fact be ascertained.
ANALYSIS
In order for us to affirm the trial court’s action of granting the motion for summary judgment, it must be undisputed that the plaintiff (employee) was not the statutory employee of USA Transport. The applicable law is La.R.S. 23:1061, which provides:
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
The plaintiff in petition did not specifically claim to be a statutory employee of USA Transport, whose answer refutes actual employee status on the part of the plaintiff. However, paragraph 7 of the answer alleges facts that raise the potential statutory employee status of the plaintiff even as they negate his actual employment. In essence, even assuming the plaintiff's claim that he was the defendant’s employee does not embrace also a claim to be a statutory employee, the defendant has pled facts that raise a genuine issue of material fact that it then fails to refute or even to address. Moreover, in opposition to the defendant’s motion, the plaintiff overtly alleged he was the statutory employee of USA Transport. Accordingly, the pleadings and memoranda *543 adequately raised the issue of whether the plaintiff is the statutory employee of USA Transport, the existence of such genuine issue of material fact making summary judgment improper.[2]
We need not reach the R.S. 23:1021(6) question.
For the reasons assigned, the judgment of the trial court is reversed, and this matter is remanded for a trial on the merits. All costs of this appeal are to be assessed against the appellee.
REVERSED AND REMANDED.

. La.C.C.P. art. 967 provides for the submission of such documentation and delineates the burden of proof thereof as follows:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees. Any offending party or attorney may be adjudged guilty of contempt.

. Granted, the plaintiff might have been somewhat more articulate in his pleading; however, he should not be required to plead strictly as fact what, although a question of fact, is also a legal status.