GRISBAUM, Judge.
This appeal relates to the granting of a summary judgment in favor of defendant National Supermarkets, Inc. (National). Plaintiffs’ claims under the Louisiana Private Works Act, La.R.S. 9:4801 et seq. arose out of the construction of one of National supermarkets. We affirm.
ISSUE
Where no bond was filed with the initial filing of the construction contract, whether the filing of lien bonds by the general contractor subsequent to plaintiffs’ perfection of materialman’s liens relieves the work’s owner of personal liability as a matter of law such that summary judgment in favor of the owner — sought to be held personally liable under the Private Works Act —was proper.
PROCEDURAL HISTORY
On March 2, 1988, plaintiffs Russellville Steel Sales and Service, Inc., and Searcy Steel Co. filed against National Supermarkets, Inc., Brice Building Co., Inc., (Brice) and J.B. Construction Products (J.B. Construction) a suit on open account that sought also to enforce a materialman’s lien. National is alleged to be owner of property on which the work in dispute — a Real Superstore — was built. Brice is alleged to be the general contractor, and J.B. Construction, the immediate entity (subcontractor) to whom plaintiffs delivered materials. Plaintiffs support their claims with affidavits verifying their circumstances and amounts.
On April 12, 1988, defendant J.B. Construction filed a motion to stay the proceedings as to it because it had filed Chapter 11 bankruptcy proceedings. On May 16,1988, defendant Brice filed an answer, reconven-tional demand, and claim for set-off. On the same date, defendant National moved for summary judgment, alleging that Brice “has filed proper bonds and has caused the erasure and cancellation of the liens which were originally filed by plaintiffs herein, and consequently, plaintiffs no longer have any legal basis for proceeding against Na *601 tional.” National supports its motion with an affidavit executed by a Mr. Carl J. Caf-farel, attested to be vice-president of Brice. The affidavit states that Brice has obtained two lien bonds from the United States Fidelity and Guaranty Company (USF & G) and has filed same in the Office of Clerk of Court, Parish of Jefferson, thereby causing the erasure of plaintiffs’ liens from the mortgage and conveyance records. Accompanying the affidavit are Certificates of Cancellation apparently issued by the Clerk of Court. Also accompanying the affidavit are various bond and surety documents treating the USF & G bonds. Defendant National further supported its motion with a memorandum, which asserts that, upon Brice’s filing the bonds, all claims as to National by plaintiffs became extinguished by operation of La.R.S. 9:4823(E).
LAW
In Lewis v. USA Transport, 518 So.2d 539 (La.App. 5th Cir.1987), we observed that
The mechanism of summary judgment in civil proceedings is provided for by La.C.C.P. art. 966, which states:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C.A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
The jurisprudence interpreting this provision makes clear that summary judgment should be granted only when reasonable minds must conclude that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). A decision on the motion necessarily involves an examination of the merits of the case as they appear through the pleadings and supporting documents submitted on trial of the motion.1 Jones v. City of Kenner, 442 So.2d 1242, 1245 (La.App. 5th Cir.1983).
As should be obvious from the rationale of summary judgment principles, any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Only in the context of the applicable substantive law can issues of material fact be ascertained.
Id., at 541-52 (footnote omitted).
The substantive law in question is derived from Act 724 of 1981, entitled La.R.S. 9:4823, which, in part, states: “E. A claim against the owner and the privilege securing it granted by this Part are extinguished if a bond is filed by the contractor as provided by R.S. 9:4835.”
ANALYSIS
The trial court, in its oral Reasons for Judgment, stated:
The Court is going to grant the motion for summary judgment insofar as it pertains to National Supermarkets. My interpretation of the arguments that I have just heard is that R.S. 9[:]4802 providing a performance bond be filed along with the contract is an opportunity for an owner to exonerate himself from liability for sure, guaranteed, before the private work starts. And that is the only way he can do it with any certainty, to have this performance bond filed with the contract. When we get to the scenario that we have here today where liens are filed, *602 then the owner conceivably has a problem because there is no way he can force the contractor at that stage to file a lien bond. So, there is that opportunity for the owner, before the work even starts, to exonerate himself from liability. But, a lien bond that is filed during construction serves the same purpose and I think that all 4802 is is an opportunity for an owner to assure himself, with no reservations, that he will have no liability because he has filed a performance bond before the work has started. But, I don’t think that precludes freeing him from liability in the event a subsequent lien bond is filed. That would certainly stand in and do everything that the performance bond would do and even more. I think it does more than a performance bond, because under a performance bone [sic] conceivably he would have to go through a concursus. These lien bonds are very specific. They are there for your clients and nobody else. Nobody else can impinge upon those lien bonds. So, for those reasons, the Court will grant the motion for a summary judgment with regard to National Supermarkets.
We agree.
Since no cases have yet construed § 4823(E) of the revised Private Works Act, we look to the accompanying Comments. See Morgan v. Audubon Constr. Corp., 485 So.2d 529, 521 (La.App. 5th Cir.1986). The Comments to La.R.S. 9:4823, as they appear in West’s Louisiana Revised Statutes, state:
(a) This section incorporates the substance of the prior law requiring the timely filing of notices of claims and the institution of suits for their enforcement. The effect of failing to take such action results in the extinguishment of the claims or privileges given under the act. Under Subsection A preserving the claim against the owner also prevents its extin-guishment against the contractor or surety. Such extinguishment would be irrelevant in light of the owner’s rights of indemnity. (See R.S. 9:4802F, Supra.)
(b) Subsection B provides that the extinction of the claim against the owner will not necessarily extinguish the statutory claims against the contractor. It thus serves the same function as former Section R.S. 9:4814C.
(c) Although Subsections D and E only refer to the filing of a surety bond, Section 4835, supra, permits the filing of a bond or the pledging of certain other funds to guarantee payment of the claims. In light of the provisions of 4835, authorizing the clerk to cancel the privileges upon giving of such security, the term “bond” in this Section should be deemed to include not only a “surety bond” but the other forms of security in lieu of such a bond permitted to be given by Section 4835.
However, comment (c) as it appeared in Act 724 of 1981 reads as follows:[1]
*603 Subsections D and E incorporate the provisions of former Sections 4841 and 4842. If the surety on the bond is surety for the owner, the filing of the bond extinguishes the privilege, but will not affect the owner’s personal liability. If, however, the contractor files a bond with a surety ⅛ has the effect of extinguishing both the privilege and the personal liability of the owner to the particular claimant. This will be effective even though the contractor’s contract is not recorded nor a statutory bond furnished.
Act No. 724, II State of Louisiana, Acts of the Legislature, 1430, (Regular Session of 1981). The last sentence answers the question with which we are presented.
Therefore, as a matter of law, the plaintiffs’ personal action against the owner and their privilege on its property were extinguished upon the contractor’s filing sufficient bonds “even though the contractor’s ... statutory bond” was not furnished pri- or to the plaintiffs’ suit. There being no contested relevant issues of fact and defendant National being entitled to judgment as a matter of law, summary judgment in their favor was properly granted.
For the reasons assigned, the judgment of the trial court is affirmed. All coste of this appeal are to be assessed against the appellants.
AFFIRMED.

. Upon inquiry, this Court has learned that the Comments appearing in Act 724 were edited by the Reporter for the Louisiana Law Institute. The last two sentences of comment (c) to § 4823 of the act now appear under § 4835 in the Revised Statutes, Section 4823, as amended by Act 388 of 1984 and Act 556 of 1985, and its accompanying comment are as follows:
§ 4835. Filing of bond or other security; cancellation of statement of claim or privilege or notice of lis pendens
A. If a statement of claim or privilege or a notice of lis pendens is filed, any interested party may deposit with the recorder of mortgages either a bond of a lawful surety company authorized to do business in the state or cash, certified funds, or a federally insured certificate of deposit to guarantee payment of the obligation secured by the privilege or that portion as may be lawfully due together with interest, costs, and attorney’s fees to which the claimant may be entitled up to a total amount of one hundred twenty-five percent of the principal amount of the claim as asserted in the statement of claim or privilege or such a suit. A surety shall not have the benefit of division or discussion.
B. If the recorder of mortgages finds the amount of the cash, certified funds, or certificate of deposit or the terms and amount of a bond deposited with him to be in conformity with this Section, he shall note his approval on the bond and make note of either the bond or of the cash, certified funds, or certificate of deposit in the margin of the statement of claim or privilege or notice of lis pendens as it is recorded in the mortgage records and cancel the statement of claim or privilege or the notice of lis pendens from his records by making an appropriate notation in the margin of the recorded *603 statement or notice. The bond shall not be recorded but shall be retained by the recorder of mortgages as a part of his records.
C. Any party who files a bond or other security to guarantee payment of an obligation secured by a privilege in accordance with the provisions of R.S. 9:4835(A) shall give notice to the owner of the immovable, the holder of the lien, and the contractor of the improvements to the immovable by certified mail to the address of the immovable or to the lienholder’s address in the case of notice to the lienholder.
Comment
This Section clarifies and consolidates into one Section the provisions of former Sections 9:4841 and 4842 permitting the filing of security as a substitute for the privilege given to a particular claimant. The Section permits any "interested person” to either give a surety bond or to “deposit” (i.e. pledge) cash or bank funds for the same purpose. Sections 4823 D and H draw a distinction between the effect of such security given to secure an owner’s obligation which only extinguishes the privilege against the property and a contractor’s obligation, in which case the privilege on the property and the statutory liability imposed on the owner by Section 4802 are both extinguished. The section also clarifies the responsibility of the recorder and requires notation of his approval of the formal requisites of the bond before it will have the effect provided by R.S. 9:4823D and E, infra.