| L&G DRYWALL, INC. | NO. 19-CA-441 |
| --- | --- |
| | |
| VERSUS | FIFTH CIRCUIT |
| | |
| THE GRAY INSURANCE COMPANY | COURT OF APPEAL |
| AS BONDING AGENT FOR INSITE | |
| NEW ORLEANS ONE, LLC | STATE OF LOUISIANA |

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 788-842, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

March 18, 2020

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Hans J. Liljeberg

**<u>REVERSED AND REMANDED</u>**
   **HJL**
   **MEJ**
   **RAC**

COUNSEL FOR PLAINTIFF/APPELLANT,
L&G DRYWALL, INC.
    Carey R. Holliday

COUNSEL FOR DEFENDANT/APPELLEE,
THE GRAY INSURANCE COMPANY
    Richard J. Tyler
    P. Michael Boyd
    Joseph J. Lowenthal, Jr.

**LILJEBERG, J.**

In this suit brought pursuant to the Louisiana Private Works Act, plaintiff seeks review of the trial court's judgment granting defendant's exception of no right of action and dismissing plaintiff's claims. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, L&G Drywall, Inc. ("L&G"), is in the business of drywall installation. L&G asserts that it contracted with Thompson's Drywall ("Thompson") to perform work on property owned by Insite New Orleans One, L.L.C. ("Insite") at 1300 Canal Street in New Orleans. According to L&G, its employees supplied materials and performed work on Insite's property in November of 2017. L&G billed Thompson, as the general drywall contractor, for its work in the amount of $43,776.00, but L&G did not receive any payment.

On or about December 11, 2017, pursuant to the Louisiana Private Works Act, La. R.S. 9:4801, *et seq.*, L&G filed a Statement of Claim and Privilege in the amount of $43,776.00, against Insite's property in the Orleans Parish Mortgage Records. Shortly thereafter, on December 21, 2017, Insite, as principal, and the Gray Casualty and Surety Company ("Gray Casualty and Surety"), as surety, filed a Release of Lien Bond in the Orleans Parish Mortgage Records, requesting cancellation of L&G's Statement of Claim and Privilege pursuant to La. R.S. 9:4835.

On October 23, 2018, L&G filed this lawsuit against the Gray Insurance Company ("Gray Insurance"), "as Bonding Agent for Insite New Orleans One, L.L.C." In its petition, L&G asserted that Gray Insurance was Insite's surety on the Release of Lien Bond and argued that "[p]ursuant to the contract of bond, the Gray Insurance Company is justly and truly indebted to the plaintiff for the full sum and amount of the lien and privilege." In response, on January 18, 2019, Gray

Insurance filed several peremptory exceptions, an answer, and affirmative defenses to the petition. In its exception of no right of action, Gray Insurance asserted that Gray Casualty and Surety, not Gray Insurance, issued the Release of Lien Bond and thus, L&G has no right of action against it. It also argued that L&G has no right of action because it failed to preserve its claim and privilege pursuant to La. R.S. 9:4823(A). In its exception of peremption, Gray Insurance argued that L&G's claims under the Private Works Act are extinguished because it did not file suit against the owner, Insite, before expiration of the one-year peremptive period imposed by La. R.S. 9:4823(A). In its exception of no cause of action, Gray Insurance argued that L&G did not have a cause of action against it because it is not the entity that issued the Release of Lien Bond. Finally, in its exception of nonjoinder, Gray Insurance argued that Thompson is an indispensable party and should have been joined in this lawsuit.

On April 9, 2019, Gray Insurance's exceptions came for hearing. At the conclusion of the hearing, the trial court took the matter under advisement. Thereafter, on April 29, 2019, the trial court rendered a judgment granting the exception of no right of action, dismissing plaintiff's claims with prejudice, and finding the exceptions of peremption, no cause of action, and nonjoinder to be moot. In its reasons for judgment, the trial court stated that L&G "has failed to state a right of action" against Gray Insurance, because it did not name the proper surety in connection with its Statement of Claim and Privilege. L&G appeals.

**LAW AND DISCUSSION**

On appeal, L&G argues that the trial court erred by granting Gray Insurance's exception of no right of action and dismissing its lawsuit. It claims that although it filed suit against Gray Insurance, instead of Gray Casualty and Surety as listed on the Release Lien Bond, these companies are "sister companies" that share the same offices, the same attorneys, the same agents for service of

process, and the same owners. It asserts that the factual allegations are identical regardless of which company was sued, and it complains that the "coordinated defense strategy of both companies is to prey on the confusion caused by their names." L&G also claims that it should be allowed to amend its petition to add Gray Casualty and Surety as a defendant because it had notice of this lawsuit and would not be prejudiced by the amendment.

Gray Insurance responds that the trial court correctly granted the exception of no right of action, because Gray Insurance did not file the Release of Lien Bond in this matter and thus, L&G filed suit against the wrong defendant. It contends that L&G has no right against Gray Insurance under the Private Works Act or any other provision of Louisiana law because Gray Insurance was not Insite's surety. It also argues that L&G has no right of action under the Private Works Act because any such rights have been extinguished by L&G's failure to sue Insite within one year of the filing of its Statement of Claim and Privilege, as per La. R.S. 9:4823.

The determination of whether a plaintiff has a right of action is a question of law, which an appellate court reviews *de novo*. *Johnson v. Motiva Enterprises, L.L.C.*, 13-305 (La. App. 5 Cir. 10/30/13), 128 So.3d 483, 488, *writ denied*, 13-2791 (La. 2/14/14), 132 So.3d 966. The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Badeaux v. Southwest Computer Bureau, Inc.*, 05-612, 05-719 (La. 3/17/06), 929 So.2d 1211, 1217. The burden of proof of establishing the exception of no right of action is on the exceptor. *Roubion Shoring Company, L.L.C. v. Crescent Shoring, L.L.C., et al.*, 16-540, 16-541 (La. App. 5 Cir. 5/17/17), 222 So.3d 921, 926.

The exception of no right of action assumes the petition states a valid cause of action for some party and questions whether the plaintiff is a member of the class that has a legal interest in the subject matter of the litigation. *Marks v. Third*

*Dist. Volunteer Fire Dept.*, 13-383 (La. App. 5 Cir. 12/30/13), 131 So.3d 1099, 1101, *writ denied*, 14-88 (La. 3/14/14), 135 So.3d 606; *Lasalle v. G.E.C., Inc.*, 18-564, 18-565, 18-566 (La. App. 5 Cir. 4/24/19), 271 So.3d 328, 333, *writ denied*, 19-859 (La. 9/17/19), 279 So.3d 378.  An exception of no right of action does not raise the question of the plaintiff's ability to prevail on the merits or question whether the defendant may have a valid defense.  *Cutitto v. Boyes*, 97-63 (La. App. 5 Cir. 5/28/97), 695 So.2d 1080.

The Louisiana Private Works Act is designed to facilitate the construction of improvements on immovable property by granting certain rights to enumerated persons to assist in recovery of the costs of their work from an owner with whom they lack privity of contract.  *Metropolitan Erection Co., Inc. v. Landis Const. Co., Inc.*, 627 So.2d 144, 148 (La. 1993); *Simms Hardin Co., L.L.C. v. 3901 Ridgelake Drive, L.L.C., et al.*, 12-469, 12-548, 12-607 (La. App. 5 Cir. 5/16/13), 119 So.3d 58, 65, *writ denied*, 13-1423 (La. 9/27/13), 123 So.3d 726.  Because the Act is in derogation of general contract law, it must be strictly construed.  *Simms Hardin Co., L.L.C.*, 119 So.3d at 66.   When interpreting the provisions of the Private Works Act, care must be taken not to overlook the legislative intent and fundamental aim of the act, which is to protect materialmen, laborers, and subcontractors who engage in construction and repair projects. *Id.*; *Morgan v. Audubon Constr. Corp.*, 485 So.2d 529, 531 (La. App. 5 Cir. 1985).

La. R.S. 9:4802 of the Private Works Act provides, in pertinent part:

A. The following persons have a claim against the owner and a claim against the contractor to secure payment of the following obligations arising out of performance of work under the contract:

1) Subcontractors, for the price of their work.

In the present case, L&G was a subcontractor that performed work on Insite's property and was allegedly not paid by Thompson, the general drywall contractor.  As a subcontractor, L&G was in the class of persons granted a claim

under the Private Works Act. Thus, L&G was a member of the class with a legal interest in the subject matter of the litigation.

Gray Insurance argues that L&G does not have a right of action against it since it was not the surety that issued the Release of Lien Bond. However, the determination of whether a plaintiff has a right of action is not dependent on whether or not the proper defendant was named in the petition.[1] As previously noted, an exception of no right of action does not question whether the named defendant may have a valid defense. An exception of no right of action focuses on whether this particular plaintiff has a real and actual interest in the action. *Grubbs v. Haven Custom Furnishings, L.L.C.*, 18-711 (La. App. 5 Cir. 5/29/19), 274 So.3d 844, 849.

In its exception of no right of action and on appeal, Gray Insurance also argues that L&G's claims are extinguished because it failed to file suit against Insite within one year of filing its Statement of Claim and Privilege, pursuant to La. R.S. 9:4823(A). L&G responds that the one-year peremptive period in La. R.S. 9:4823(A) does not apply when the owner has posted a bond and the lien and privilege have been released. It further claims that even if the one-year period were to apply, filing suit against the surety is sufficient for compliance with La. R.S. 9:4823(A). L&G argues that the trial court erred by holding that the one-year period set forth in La. R.S. 9:4823(A) applies herein to establish that L&G does not have a right of action.

Contrary to L&G's assertion, the record does not show that the trial court made a finding of whether or not the one-year period set forth in La. R.S. 9:4823(A) applies herein or whether or not L&G's claims were extinguished due to

---

[1] We note that the issue of whether the proper defendant was named may be raised in a motion for summary judgment. A defendant's motion for summary judgment may be filed at any time. La. C.C.P. art. 966(A)(1).

the lapse of time.  Further, we note that resolution of these issues is also not proper on an exception of no right of action.

The law clearly affords a remedy for this particular plaintiff under the Private Works Act.  Because L&G has an interest in the subject matter of this litigation and the law affords it a remedy, we find that the trial court erred by granting Gray Insurance's exception of no right of action and dismissing L&G's lawsuit on these grounds.  Accordingly, we reverse the trial court's judgment.[2]

L&G also argues that the trial court erred by dismissing its lawsuit rather than allowing it time to amend its petition to name Gray Casualty and Surety as a defendant.  However, given our decision to reverse the trial court's judgment dismissing its claims, we pretermit discussion of whether or not L&G should have been allowed to amend its pleadings.

**DECREE**

For the foregoing reasons, we reverse the trial court's judgment granting Gray Insurance's exception of no right of action, and we remand for further proceedings.

**REVERSED AND REMANDED**

---

[2] The trial court found Gray Insurance's remaining exceptions to be moot based on its ruling on the exception of no right of action.  Although these exceptions are no longer moot, we note that some exceptions, such as the exception of peremption, cannot be addressed until the trial court determines, pursuant to the proper procedural vehicle, whether Gray Insurance is a proper defendant.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 18, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-441**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
CAREY R. HOLLIDAY (APPELLANT)          RICHARD J. TYLER (APPELLEE)          JOSEPH J. LOWENTHAL, JR. (APPELLEE)
P. MICHAEL BOYD (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED